THE GEORGIA RAILROAD AND BANKING COMPANY *v.* THE MAYOR AND COUNCIL OF THE CITY OF MACON.

1. Where the State makes a grant of land to a city, to be absolute upon the payment of $10,000 by the city to the State, within a given time, the original receipt of the comptroller-general, for said sum of money, was properly admitted as evidence of such payment.

2. Where land was granted to a railroad company, so long as the same should be used "for shops, depots and other conveniences

and fixtures necessary for said company," and the only use made of the land was the building and maintenance thereon of a track, or tracks, for the purpose of conveying freights to private parties, the storage of cars, and other like uses, this would not be a compliance by the company with the terms of the grant.

3. Where such a grant was made to the Milledgeville Railroad Company, of which the Macon & Augusta Railroad Company was the legal successor, and the latter company took possession of a portion of the land and so built and used such tracks thereon, but did no more, and the Georgia Railroad & Banking Company afterwards took possession of the same, and it appearing that the title was in the City of Macon, except so far as it might be affected by the terms of such grant, then the city was entitled to recover the land from the Georgia railroad as a mere wrong-doer, unless it showed some right to hold under the Macon & Augusta company; or, if it did show such right, then the city was entitled to recover for want of compliance with the terms of the grant, and in either event, no demand was necessary as a condition precedent to the city's bringing its action for the land.

4. Where the facts were as stated in last head-note, and a verdict in favor of the city was inevitable, a charge by the court on the law of prescription was immaterial and harmless.

February 2, 1891.

Ejectment.   Evidence.   Payment.   Title.   Grants. Demand.   Charge   of   court.   Before Judge MILLER. Bibb superior court.   April term, 1890.

Reported in the decision.

HARDEMAN, DAVIS & TURNER, for plaintiff in error.

C. L. BARTLETT, R. W. PATTERSON and HILL & HARRIS, *contra*.

LUMPKIN, Justice.

This case is, in many respects, similar to that of *The Mayor & Council of Macon* v. *The East Tenn., Va. & Ga. Ry. Co.*, reported in 82 *Ga.*, beginning on page 501. Most of the questions determined in that case are conclusive upon the questions at issue in this.   The right of the old Milledgeville Railroad Company to ten acres of land, constituting a part of what was known as the "Macon Reserve," depended upon identically the same acts of the legislature, and the same action by the City

Council of Macon, as did the right of the Macon & Brunswick Railroad Company to ten other acres of land in such reserve. In that case, the East Tennessee company claimed to be the successor of the Macon & Brunswick company. In this case, the Georgia Railroad Company claims to be the successor of the Macon & Augusta company, which succeeded the Milledgeville company.

1. There was no error in the admission of the comptroller-general's receipt. The act of the legislature required the payment to be made to the State of Georgia. Its treasurer was the proper person to receive the money, and payments to the treasurer are legally evidenced by the receipt of the comptroller-general. In point of fact, the receipt now in question was actually signed by both the treasurer and the comptroller-general. A certified transcript from the treasurer's books, showing that this sum of money had been paid into the treasury, would have been admissible, in case no better evidence was attainable, to prove this payment; but the original receipt itself, conceded to be genuine, seems to us to have been evidence of the highest character of the fact of payment. See *Wooten* v. *Nall*, 18 *Ga.* 609.

2. In the argument of the case here, counsel for the Georgia railroad insisted on its right to hold so much of the land as is covered by the tracks thereon, and abandoned all claim to the remainder of said land. The question as to its right to hold any of the land has been settled by the court in the case cited. In his carefully prepared opinion, delivered in that case, BLECKLEY, C. J., stated, in effect, that it could not be supposed the authorities of Macon intended its grant as a donation, or gratuity, to the railroad company, but, beyond all doubt, the city expected to receive local benefits from the compliance by the company with the

terms of the grant, and it is clear that something more was contemplated than the building of railroad tracks across the land. A full examination of that case will show that the identical question now being considered was there adjudicated, and further comment upon it is therefore unnecessary.

3. It sems to have been conceded in this case, or, at any rate, no serious question was raised thereon, that the Macon & Augusta Railroad Company had succeeded to all the rights and franchises of the Milledgeville Railroad Company, but it is by no means clear how the Georgia Railroad Company became the owner, if it ever did, of the property and franchises of the Macon & Augusta company. It appears from the evidence that the Georgia company, under some sort of a contract, took possession of the Macon & Augusta railroad and operated it, but the record is entirely silent as to the nature of that contract, as to whether it was in writing or in parol, and as to what legal rights, if any, it conferred upon the Georgia Railroad Company. This being true, and the City of Macon having shown a clear legal title to the property in dispute, except in so far as that title might be modified or affected by the grant to the old Milledgeville company, clearly the city had a right to recover the property in dispute from the Georgia company, as a mere trespasser, unless that company showed, in some legal way, it had succeeded to the rights of its predecessors under such grant. But even if this had been shown by the Georgia company, it would have been of no avail, because it would then have been in no better position than its predecessors, and neither of them, as has been shown, could have held this land against the city, under the facts disclosed by the record. If any of these railroads had any right to the lands mentioned, it was by reason of accepting the grant on the terms fixed by the City

Council of Macon, and, as was held in the case cited, this must have been with the limitation that the estate acquired was to exist only so long as the property was used for the purposes specified, and such a limitation is different from an ordinary condition subsequent, inasmuch as it marks the limit, or boundary, beyond which the estate conveyed could not continue to exist. Numerous authorities are there cited in support of this proposition. Under our law, no demand is necessary, as a condition precedent to the bringing of an action, except in such cases as the law distinctly declares such demand shall be made. As far as we have been able to ascertain, this case does not come within any of such exceptions, and, therefore, no demand was necessary before bringing the action. The city's right of entry was complete, and therefore the action itself was all the demand the law required. *Edmondson* v. *Leach*, 56 *Ga.* 461.

There are numerous assignments of error in the bill of exceptions, but all of them which we deem material have been fully covered by the rulings in the case cited, and those herein made. After a careful examination of the record, we find that no errors were committed by the presiding judge. The case was fairly submitted to the jury, every right of the defendant was carefully guarded, and, in view of the facts disclosed by the record, we are satisfied that substantial justice has been done, more especially as the defendant has been relieved from the payment of all rents during the entire time it controlled and held possession of the property in dispute. We therefore affirm the judgment of the court below.                    *Judgment affirmed.*