HARROLD *et al. v.* SEABOARD AIR-LINE RAILWAY *et al.*

Uriah B. Harrold, the heirs at law of Thomas Harrold, and the administratrix of one Johnson brought their equitable petition to recover from the defendants certain land which had been conveyed by Uriah B. Harrold, Thomas Harrold, and H. R. Johnson to the predecessor in title of the defendants. The deed of conveyance contains the following stipulation: "To have said several lots under the same tenor as if the same .had been regularly condemned for right of way, depot, yards, side-tracks, and other railroad purposes." The petition alleges that only a portion of said land is occupied by the railroad company for railroad purposes, having its track and certain railroad buildings thereon, and that the other and remaining portion of said land is occupied by permission of the defendant by private parties who have erected "monumental works and wood-shed thereon." The petition also seeks a recovery of mesne profits against the defendant railroad company and one Clark, the latter being one of the private parties referred to who is in possession of a portion of the land conveyed by said deed. *Held:*

1. The petition does not state a good cause of action for recovery of the land.
2. Said petition does not state a case as against the individual defendant, especially as it does not show what portion of the land is occupied for private purposes by permission of the company, nor for how long a time such portion of the land has been so occupied.

Argued February 13,—Decided August 18, 1908.

Equitable petition. Before Judge Littlejohn. Sumter superior court. March 29, 1907.

Uriah B. Harrold, Mrs. Mary E. Boone, Louisa E. Davenport, Mariah Harrold, and Mrs. Josephine Johnson, administratrix of H. R. Johnson, deceased, brought an action against the Seaboard Air-Line Railway and. C. J. Clark, to recover certain real estate in the city of Americus, alleging the following facts: On October 27, 1886, H. R. Johnson, lately deceased, Uriah B. Harrold, and Thomas Harrold, lately deceased, conveyed to the Americus, Preston & Lumpkin Railroad Company certain real estate in the city of Americus, "said property having been deeded to said railway company for railroad purposes only, the fee being reserved in and now is in said grantors and their legal representatives according to the tenor of the deed." The defendant railway company is the successor of the Americus, Preston & Lumpkin Railroad Company. The deed is attached to the petition, and the material parts of it are as follows: "We [the above-named grantors] do hereby sell and convey unto the Americus, Preston & Lumpkin Railroad Company and its successors, for right of way, yards, depots, side-tracks, and other railroad purposes, the following described real estate," and then follows a description of the property; after which is the following: "To have said several lots under the same tenor as if the same had been regularly condemned for right of way, depot, yards, side-tracks, and other railroad purposes." The defendant railway company has never used the land for railroad purposes, "except a small portion thereof on which the track of said defendant is located, and also the passenger-station house and the agent's office." On another part of the land C. J. Clark "has, within the last seven years, without authority of plaintiff, but under the direction and permission of said Seaboard Air-Line Railway, erected a building to be occupied as a monumental workshop and storehouse, and also a wood-yard for the sale of wood, all for his own private gain, without accounting to plaintiffs in any wise whatever." The prayer is, that it be decreed that whatever rights the defendant railway company may have had to the property wrongfully occupied be forfeited; that the title to said tracts be decreed to be in petitioners, free from all encumbrances; that possession be delivered to petitioners; that

they have judgment against both the defendants for mesne profits for four years at $60 per month, and that process issue.

The defendants demurred to the petition, on the grounds that there was no cause of action, and that the plaintiffs were barred by the statute of limitation. The demurrer was sustained, and the plaintiffs excepted.

Since the date of the certificate to the bill of exceptions, Uriah B. Harrold, one of the plaintiffs, has died; and on motion in this court his heirs were made parties plaintiff in his stead.

*Shipp & Sheppard,* for plaintiffs.

*E. A. Hawkins,* for defendants.

BECK, J. (After stating the facts.) The court below did not err in sustaining the demurrer to the petition in this case. The conveyance to the predecessor in title of the defendant railroad company contained the following stipulation: "To have said several lots under the same tenor as if the same had been regularly condemned for right of way, depot, yards, side-tracks, and other railroad purposes." If we give to the stipulation in the conveyance the construction given to it by counsel for plaintiffs in error, that is, that the grantees in the conveyance took only an easement in the land such as they would have acquired by condemnation proceeding, the conclusion that we have reached would not be affected thereby. The exact shape of the lot of land described in the deed and in the petition is not set forth so that the court can determine the shape of the entire tract, nor the relative position of the several lots which constitute the tract; and there is no map or plat contained in the record, by which the shape of the tract could be determined with any degree of accuracy. But it is stated in the petition that the defendant company occupies "a small portion" of the land whereon "the track of said defendant is located, and also the passenger-station house and the agent's office." We are not even informed in the petition as to whether that "small portion" of the land is segregated and enclosed so as to cut it off from the other parts of the land conveyed or not. The mere fact that the defendant company has not occupied and put into use all of the land conveyed, which is of the width of a little over 200 feet, as nearly as we can ascertain from the allegations in the petition, would not operate to work a forfeiture of lands not used.

In the case of *Moss* v. *Chappell,* 126 *Ga.* 196 (54 S. E. 968, 11

L. R. A. (N. S.) 398), it appears that the deed to the railroad company, conveying the land in controversy, contained this provision: "provided that should said strips of land cease to be used for railroad purposes, it shall revert to the" grantors. And it was held that the words created a condition subsequent, a breach of which would work a forfeiture. The deed under consideration in the present case contains no such stipulation as that which we have pointed out in the deed under construction in the *Moss* case. In the cases of *Mayor &c. of Macon* v. *East Tennessee, Va. & Ga. Ry. Co.*, 82 *Ga.* 501 (9 S. E. 1127), and *Georgia Railroad Co.* v. *Macon*, 86 *Ga.* 585 (13 S. E. 21), it was held that if the railroad companies, which were parties to those cases, "had any right to the lands mentioned, it was by reason of accepting the grant on the terms fixed by the City Council of Macon, and this must have been with the limitation that the estate acquired was to exist only so long as the property was used for the purposes specified," and that "such a limitation is distinguished from an ordinary condition subsequent, inasmuch as it marks the limits or boundaries beyond which the estate conveyed could not continue to exist." But, in the deed which we have under consideration in this case, there are no words of limitation nor words importing a condition subsequent, but the grantees in the deed acquired such an interest in the property, according to the plaintiffs' own construction of the deed, as would have been acquired by it under condemnation proceedings; and the mere failure upon the part of the railroad to use every part of the land thus acquired does not work a forfeiture, and the plaintiff would not be entitled to recover against the railroad company upon the ground that it had forfeited its right and title to the lands conveyed.

As against the defendant Clark, the plaintiff did not show a good cause of action, as the petition does not show what portion of the land was in the possession and occupation of Clark, nor that he had been in such occupation for any length of time. We do not now pass upon the question as to whether or not, if a part of the land described in the deed had been segregated and actually divided from those portions used and occupied by the defendant company for railroad purposes, and the part so segregated and divided off had been entirely diverted from the purposes in contemplation of the makers of the deed, a right of action would have

arisen in favor of the grantor in the deed or his privies in estate as against the parties occupying the land so segregated from that used for railroad purposes.

In addition to what we have said above in upholding the judgment of the court, sustaining the demurrer to the plaintiffs' petition, it may be observed that the petition in this case is brought to recover the entire body of land conveyed, including that portion which is in actual use and occupancy by the railroad company for railroad purposes; for it appears from the petition that the track of the railroad company is actually laid over a portion of the land. Certainly it can not be contended that so much of the land as is actually occupied by the railroad company with its track and railroad buildings could be recovered on the ground that there was a forfeiture of that portion of the land so occupied and used by the defendant. And, it would seem, even if they had a right to recover a portion of the land which had been diverted from the purposes and uses intended by the maker of the deed, that part of it which was recoverable should have been described in the petition, so that it would be capable of identification and segregation from that part which could not be recovered.

*Judgment affirmed. All the Justices concur.*