GREENE v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 29 September, 1915.)

1. Carriers of Passengers—Negligence—Evidence—Train Records—Corroborative Evidence.

Where damages are sought for a personal injury alleged to have been inflicted by reason of defendant having stopped its passenger train at an unusual stopping place, where the plaintiff alighted therefrom, exception that the conductor testified from his record of the train alone that the place was the usual one will not be sustained, when it appears that he testified to the fact directly and then stated that the train sheet, which he then examined, would have shown had it stopped at an unusual place, which it did not show.

2. Carriers of Passengers—Instructions—Inferential Evidence—Appeal and Error.

Where, in an action to recover damages for a personal injury alleged to have been inflicted on a passenger while alighting from defendant's passenger train, there is evidence tending to show, as contended for by the plaintiff, that the injury occurred when the train stopped at an unusual place, and for the defendant that it did not stop until it got to its usual stopping place beyond, the jury has a right to accept as true a part of the plaintiff's evidence, and find that the injury occurred at the place contended for by him, but before the train stopped, and a contention of the parties stated by the court to this effect is not erroneous, though there is no direct evidence thereof.

APPEAL by defendant from *Ferguson, J.,* at the April Term, 1915, of HERTFORD.

Action to recover damages for personal injury, the plaintiff alleging and offering evidence tending to prove that on 15 March, 1912, he became a passenger on the train of the defendant at Norfolk, with his destination at Eure; that he reached Eure at night; that the train stopped at an unusual place, about one hundred yards before the regular stopping place was reached; that he was notified to leave the train, and that he did so; that the place where he alighted was unsafe, and he fell down an embankment and was injured.

The defendant offered evidence tending to prove that the train stopped at the regular place, and that the plaintiff was not injured.

The jury returned the following verdict:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: "No."

Judgment was entered in favor of the defendant, and the plaintiff appealed.

*E. T. Snipes for plaintiff.*
*Pruden & Pruden and S. Brown Shepherd for defendant.*

ALLEN, J. The plaintiff considers two assignments of error in the brief, and under our rules all others are deemed abandoned.

The first of these is to the admission of the evidence of Mr. Pitt, the conductor, which is objected to on the ground that he did not testify from his own knowledge, but from his records. It does not appear from the record that any exception was taken to this evidence, but if the exception was duly entered, the record does not bear out the statement that he was not speaking of his own knowledge. He says, among other things: "I was on the train 15 March, 1912; was in control of train. I remember stopping in Eure; am not positive who got on or off. The train made its usual stops and at usual places. I got off with lantern, as I always do. I stand between white and colored car. He did not get off there. I know the train did not make an unusual stop. I was telling what happened at Eure that night. I do know that we three got off with our lights, if there were no others. I know for a fact; know that the train stopped at Eure. If train had made an unusual stop a record would have been made of it. I don't say I remember everything that happened that night, but nothing unusual happened."

The second assignment of error is that his Honor presented a contention of the defendant that the plaintiff attempted to get off the train before being invited to do so, and while it was in motion, and this is based upon the contention that there was no evidence to support this view. There is no direct evidence of the fact, but the circumstances relied on by the defendant justified submitting it to the jury.

The evidence of the defendant tended to prove that the train stopped at the usual place, and the evidence for the plaintiff that he got off or fell from the train before the train reached the usual stopping place.

The jury had the right to accept a part of the plaintiff's evidence and reject other parts of it, and if the train stopped at the usual place and the plaintiff stepped or fell off the train, where he says he did, the train must have been in motion at that time.

His Honor charged the jury fully, and gave practically all the instructions asked by the plaintiff, and the jury upon a fair charge has answered the issue against him.

We find

No error.