### 8243.   MORRIS *v.* SOUTHERN RAILWAY COMPANY.

BLOODWORTH, J. In this case this court held that the trial court erred in sustaining the demurrer to the petition. *Morris* v. *Southern Railway Co.*, 19 *Ga. App.* 495 (91 S. E. 878). By certiorari the case was carried to the Supreme Court, and the following decision was rendered:

"1. A common-law action against the last of several connecting carriers, to recover for injury or damage to a shipment of freight in the course of interstate transportation, where the injury or damage complained of was caused by the negligence of the last connecting carrier, is not prohibited by the terms of the act of Congress of June 29, 1906 (34 Stat. 595, c. 3591, sec. 7, pars. 11, 12), known as the Carmack amendment to the Hepburn act of February 4, 1887 (24 Stat. 386, c. 104, sec. 20 [U. S. Comp. St. 1916, §§ 8604a, 8604aa]). Under this amendment the lawful holder of the bill of lading issued by the initial carrier for freight to be transported in interstate commerce may maintain his common-law action against any one of several connecting carriers for loss or injury on its own line. *Cincinnati &c. Ry. Co.* v. *Rankin*, 241 U. S. 319 (36 Sup. Ct. 555, 60 L. ed. 1022, L. R. A. 1917A, 265).

"2. In a suit for damages against a carrier other than the initial carrier it must be alleged that the injury to the shipment of freight was caused by the negligence of the defendant to the action. *Cincinnati etc. Ry. Co.* v. *Quincey & Rogers*, 19 *Ga. App.* 167 (91 S. E. 220).

"3. The statute of this State (Civil Code, § 2752), which authorizes suits against the last connecting carrier receiving the goods 'as in good order,' was superseded by the Carmack amendment to the Hepburn act, supra, in so far as the State statute applies to interstate shipments and is in conflict with the Federal act. *Central of Georgia Railway Co.* v. *Yesbik*, 146 *Ga.* 769 (2) (92 S. E. 527); *Atchison &c. Ry. Co.* v. *Harold*, 241 U. S. 371, 378 (36 Sup. Ct. 665, 60 L. ed. 1050). The proviso of the Federal statute, 'That nothing in this section [interstate-commerce act, § 20a] shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law,' preserved only existing rights and remedies under the Federal law and common law, not inconsistent with the rules and regulations prescribed by the act. *Adams Express Co.* v. *Croninger*, 226 U. S. 491 (33 Sup. Ct. 148, 57 L. ed. 314, 44 L. R. A. (N. S.) 257).

"4. In his petition brought against the last of several connecting carriers, to recover damages for injury to a shipment of freight in the course of interstate transportation, the plaintiff expressly declared upon the State statute (Civil Code, § 2752), and did not set up a cause of action under the Federal statute in respect to a carrier's common-law liability for injury occurring on its own line; nor can the petition be held to state a cause of action for overcharges for the transportation, the allegation in that regard being merely that the plaintiff paid under protest a sum stated as freight charges, which was 'unjust,' The petition did not allege that the freight paid was in excess of the legal rate. The action was properly dismissed on demurrer. The judgment of the Court of Appeals, reversing the judgment of the trial court on demurrer, must itself be reversed.

"5. It is proper to say this case was decided by the Court of Appeals before the case of *Central of Georgia Railway Co.* v. *Yesbik,* supra, which is controlling on the main question presented by the record." 147 *Ga.* 729 (95 S. E. 284).

Under the foregoing rulings the trial court did not err in sustaining the demurrer and dismissing the petition; and the judgment of this court as originally rendered must be vacated, and the judgment of the trial court                *Affirmed.* *Broyles, P. J., and Harwell, J., concur.*

DECIDED APRIL 9, 1918.

Action for damages; from Fulton superior court—Judge Bell. October 7, 1915.

*W. W. Gaines, Reynolds & Whitman,* for plaintiff.

*McDaniel & Black, Edgar A. Neely,* for defendant.