10317.  ATLANTIC COAST LINE RAILROAD COMPANY *v.*
STOVALL-PACE COMPANY.

1. The motion to dismiss the writ of error, on the ground that there is no sufficient assignment of error, is overruled.
2. In a consignee's suit against the last connecting carrier, for loss of goods shipped over the lines of connecting carriers from another State into this State, where the suit was not expressly based upon Federal or State statute, and where it was alleged that the defendant received the goods in good order from its connecting carrier and did not deliver them to the plaintiff, a demurrer to the petition, on the ground that "under the interstate-commerce act the original carrier is alone responsible," was properly overruled. The allegations were sufficient to show that the loss was caused by negligence of the defendant.
3. The ground of the motion for a new trial as to the admission of a designated letter in evidence over objection is not in proper form for consideration.
4. There being no proof of the value of the lost goods, the verdict in favor of the plaintiff is without evidence to support it.

DECIDED OCTOBER 10, 1919.

Action for damages; from city court of Richmond county—Judge Black. December 21, 1918.

The motion to dismiss the writ of error was on the ground that the bill of exceptions "does not assign error on any final judgment

in the case, and this court has no jurisdiction to entertain the same, the only error assigned being on the verdict of the jury and not on the judgment rendered on such verdict." The bill of exceptions assigns error on the judgment overruling the defendant's motion for a new trial, and also assigns error on exceptions pendente lite to the overruling of the demurrer to the plaintiff's petition.

*W. K. Miller,* for plaintiff in error. *J. J. Jones,* contra.

BLOODWORTH, J. 1. The motion to dismiss the bill of exceptions is overruled.

2. Stovall-Pace Company brought suit against the Atlantic Coast Line Railroad Company, the last of certain connecting carriers, for the loss of a certain box of goods shipped from East Dedham, Mass., to Augusta, Ga., alleging that "the defendant received the goods described in paragraph 3 of plaintiff's complaint, from its connecting carrier, the said goods being in good order, but that said defendant has never delivered said goods to petitioner." A demurrer to the petition alleged in part that the petition should be dismissed "because under the interstate-commerce act the original carrier is alone responsible." The plaintiff did not expressly declare upon the State or Federal statute, but merely pleaded the facts relied on to show liability against the last connecting carrier. The allegations were sufficient to show that the loss was caused by negligence of the defendant, "The wrong here complained of was committed by the defendant, not by the initial company, and the plaintiff is not excluded from suing the wrongdoer." The demurrer was properly overruled. *Southern Railway Co.* v. *Morris,* 147 *Ga.* 729 (95 S. E. 284); *Western & Atlantic Railroad Co.* v. *White Provision Co.,* 142 *Ga.* 246 (2) (82 S. E. 644); *Cincinnati &c. Ry. Co.* v. *Quincey,* 19 *Ga. App.* 167 (91 S. E. 220); *Atlantic Coast Line R. Co.* v. *Thomasville Live Stock Co.,* 13 *Ga. App.* 102 (78 S. E. 1019).

3. The amendment to the motion for new trial, filed on December 21, 1918, cannot be considered by this court, for two reasons: (*a*) "A ground of a motion for new trial based upon the admission of evidence should state what objection was made thereto when it was offered at the trial, and should affirmatively show that the objection was then urged; otherwise no question is raised for determination." *Hixon* v. *Myers,* 144 *Ga.* 408 (2) (87 S. E. 475); *Whiddon* v. *Salter,* 144 *Ga.* 77 (2) (86 S. E. 243). (*b*) "Grounds of a

motion for a new trial which are incomplète, and cannot be under-
stood without resorting to an examination of the brief of evidence,
fail to present any question for decision. *Head* v. *State,* 144 *Ga.*
383 (87 S. E. 273); *Sims* v. *Sims,* 131 *Ga.* 262 (62 S. E. 192)."
*Smiley* v. *Smiley,* 144 *Ga.* 546 (87 S. E. 668); *Daniel* v. *Schwarz-
weiss,* 144 *Ga.* 81 (86 S. E. 239).

4. Plaintiff urges that a new trial should be granted on the
general grounds, because no value of the lost box of goods was
shown. An examination of the evidence reveals the fact that this
contention is true; and for this reason the verdict is without
evidence to support it, and the judgment must be

> *Reversed. Broyles, C. J., and Luke, J., concur.*