## 11948.　THOMPSON *v.* ATLANTIC COAST LINE RAILROAD CO.

BROYLES, C. J. 1. Although a shipper who has sustained damage by reason of a breach of the common-law duty of a railroad company as a common carrier, to furnish cars for the transportation of freight within a reasonable time, is not prevented by the act of 1907 (Ga. L. 1907, p. 84; Civil Code of 1910, § 2774 et seq.) from instituting a common-law action for damages, instead of pursuing the remedy provided by that act, — touching the failure of a railroad company to furnish cars to a grower of perishable products (*Southern Railway Co.* v. *Moore,* 133 *Ga.* 806, 67 S. E. 85, 26 L. R. A. (N. S.) 851),— yet, where the suit is insti-

tuted under that act, the exclusive measure of damages is the market value of the product (with interest thereon, less cost of carriage and the usual expense of selling) in the market to which the shipper intended shipping it, on the day it would have arrived had it been carried in the usual course of transportation on schedule time for such freight. And in order to obtain damages in such a case, 'the shipper must in writing notify the agent of the railroad company of the market to which he intended shipping his product. Civil Code (1910), §§ 2774, 2775.

(a) It is clearly apparent from an examination of the act of 1907 that the General Assembly intended that the measure of damages prescribed therein should be the exclusive and sole measure of damages in any suit brought under that act.

(b) In the instant case the petition, properly construed, manifestly shows that the action was instituted under the act of 1907, and not under the common-law, and as the petition failed to allege that the railroad company had been notified in writing by the shipper of the market to which he intended the goods to be shipped, and as this defect in the petition was pointed out by a timely special demurrer, and was not cured by any amendment, the court properly sustained the general demurrer interposed and dismissed the suit.

2. Moreover, even if the action were based upon the common-law liability of a carrier for the failure to furnish cars upon demand, the petition still fails to set out a cause of action, since it does not allege that the goods were properly offered for transportation. It is not alleged in the petition that the goods were ever carried to the defendant railroad line or offered in any way to the railroad company for transportation. On the contrary it appears from the allegations of the petition (properly construed most strongly against the plaintiff) that the goods in question — watermelons — were never removed from the plaintiff's farm where they were grown. And these defects in the petition were pointed out by timely special demurrer and were not cured by any amendment. See, in this connection, *Southern Railway Co.* v. *Moore*, supra; *Chattanooga Southern R. Co.* v. *Thompson*, 133 *Ga.* 127 (65 S. E. 285) ; *Wadley Southern Railway Co.* v. *Kent*, 145 *Ga.* 690 (89 S. E. 765).

*Judgment affirmed. Bloodworth, J., concurs. Luke, J., disqualified.*

DECIDED MARCH 9, 1921.

Action for damages; from city court of Thomasville — Judge W. H. Hammond. October 9, 1920.

The plaintiff's petition alleged: (1) The defendant railroad company is a common carrier by railroad, having a line of railroad through an office and agent in said county. (2) Petitioner is a grower of watermelons. (3) During the spring of the year 1920 petitioner grew watermelons for shipment in carload lots, growing them upon his farm near Ochlocknee in said county. (4) A ventilated car, great numbers of which are and were in use by the defendant railroad company, is the only kind of freight car suit-

able for the transportation of such products. (5) Being such grower of watermelons, and having a carload of same ready for shipment from Ochlocknee, Georgia, said county, petitioner, on the 6th day of July, 1920, made written application to the defendant railroad company, through its agent at Ochlocknee, Georgia, to wit, C. A. Welch, for a ventilated car to be loaded on the 8th day of July, 1920, at Ochlocknee, for immediate shipment. (6) The following is a copy of the application so served upon the said defendant, to wit: " Georgia, Thomas County. — To the Atlantic Coast Line Railroad Company: In compliance with [section] 2774 of the Civil Code of Georgia, adopted in 1910, and as a grower of watermelons, I hereby make application for a ventilated car for the transportation of such watermelons, that being the only car suitable for such purpose; and you are hereby advised that I desire to load such car on the 8th day of July, 1920, beginning at the hour of 4 o'clock p. m., at Ochlocknee, Georgia. This the 6th day of July, 1920. [Signed] H. W. Thompson. " (7) The defendant company failed and refused to furnish a ventilated car to petitioner in accordance with the foregoing demand, either within the 24 hour period contemplated by law for such case or within any other period. (8) The defendant company failed and refused to respond to the said application by furnishing to petitioner any car of any kind whatever for the loading and transportation of such melons, persisting in such failure and refusal for more than five days following next after the service upon its said agent of the said written application. (9) The fair market value of such melons, loaded in a ventilated car at Ochlocknee, Georgia, was then and there, on the 8th and 9th days of July, 1920, the sum of $175. (10) By reason of the defendant's failure and refusal to furnish a ventilated car as aforesaid, petitioner failed to receive any sum whatever for his said melons, and the same became a total loss. (11) By reason of the defendant's failure and refusal to furnish a suitable car for the transportation of the melons aforesaid, it has injured and damaged petitioner in the sum of $175 and now fails and refuses to pay the said sum or any part thereof. Wherefore, petitioner brings this suit to recover his said damages, and prays process and judgment accordingly.

The code sections referred to in the decision are as follows:

§ 2774. "It shall be the duty of the railroad companies of this State to furnish to any grower of peaches, apples, cantaloupes, watermelons, or other perishable products, suitable icing and refrigerator cars, or other suitable cars for the transportation of such products, whenever application is made therefor in writing by the shipper twenty-four hours in advance of the time such car or cars are wanted for loading. Such application to be filed with the nearest agent of the railroad company to the point from which shipment is to be made, and it shall state the time and place from which shipment is desired." § 2775. "Whenever any railroad company shall fail to furnish such icing and refrigerator cars as required in the preceding section and the shipper places his product in carload lots, or, in cases of less than carload lots, expresses to the agent of the railroad company his willingness to pay charges for carload lots, then such railroad company shall be liable for the market value of such product with interest thereon. The market value to be determined by the market value of the product less cost of carriage and the usual expense of selling in the market to which the shipper intended shipping same, on the day such product would have arrived, had the same been carried in the usual course of transportation on schedule time for such freight. In order to avail himself of this rule of damage, the shipper shall in writing notify the agent of the railroad company of the market to which he intended to ship his product. Payment shall be made by the railroad company for such product within thirty days after written claim has been filed with the company therefor. In the event that such railroad company shall fail to make payment as herein provided, or tender the correct amount thereof, it shall be liable for an additional fixed sum of fifty dollars for each car as liquidated damages for failure to perform its duty in the premises; such liquidated damages to be recovered in any cause brought for the recovery of damages on the main claim, in the event recovery is had thereon."

*Clifford E. Hay,* for plaintiff.

*Bennet & Branch, Merrill & Moore,* for defendant.

BLOODWORTH, J., concurring specially. While I cannot concur in all that is said by the Chief Judge in the first division of the decision, I do agree with him that the declaration does not set

out a cause of action, either under the statute (Civil Code of 1910, §§ 2774, 2775) or under the common-law duty of a railroad company, as a common carrier, to furnish cars for the transportation of freight within a reasonable time after proper notice.