*Harry S. Strozier, C. L. Shepard,* contra.

---

### 12986.  DAVIS, agent, *v.* PEACOCK.

1. In an action for damage to an interstate shipment the last of several connecting carriers can be sued *only* in tort, and such a suit cannot be maintained where it appears that the damage occurred before the plaintiff had title to the goods.

2. Under the foregoing ruling and the facts alleged in the petition, the trial court erred in refusing to dismiss the petition, on general demurrer.

DECIDED SEPTEMBER 28, 1922.

Action for damages; from city court of Ashburn — Judge Tipton.  October 15, 1921.

J. E. Peacock brought suit in the city court of Ashburn against John Barton Payne, director-general of railroads and agent under section 206 of the transportation act of 1920, and against the Georgia Southern & Florida Railway Company; later, by amendment, striking these defendants and substituting James C. Davis, as director-general of railroads and agent under the transportation act of 1920. The petition as amended alleged in part the following facts: The petitioner was a dealer in automobiles at Ashburn, Georgia, doing business as Ashburn Motor Company. He sold for future delivery five automobiles and a truck chassis to a buyer named and at stated prices, aggregating $3,523.28, and thereupon ordered these vehicles from the Ford Motor Company, and the company shipped them from Newark, N. J., "consigned to Ford Motor Company, Ashburn, Georgia, notify Ashburn Motor Company," and drew a draft for $2,941.41 on Ashburn Motor Company, with bill of lading attached to the draft, and the draft was paid and the bill of lading received by the plaintiff on January 29, 1920. The shipment arrived in Ashburn, Georgia, over the Georgia Southern & Florida Railway, on November 16, and on the same day the automobiles were damaged by fire. On the 19th of the same month the defendant sold the automobiles, and "no notice, oral or written, was by the defend-

ants given to plaintiff or to Ford Motor Company that the said carload of automobiles had arrived at Ashburn," or "was being held by the defendant subject to plaintiff's disposition or direction, or subject to any condition whatever," or that "defendant anticipated, intended, or purposed to sell and dispose of said carload of automobiles." Plaintiff alleged that "the actual net value of said truck and five automobiles to plaintiff, delivered in Ashburn, Ga., would have been and was the sum of $3,523.28, the same being the sum for which plaintiff had the same sold," and prayed for judgment for this amount, besides interest from November 19, 1919. The 3d paragraph of the petition alleged that plaintiff was a Ford automobile dealer at Ashburn, Georgia, that he had sold the said automobiles for certain prices, and that a portion of the purchase price had been paid and the balance was to be paid upon delivery of the cars. The defendant demurred both generally and specially to the petition. The petition was amended. The defendant renewed its demurrers. The bill of exceptions recites that "the court on October 12, 1921, entered an order overruling the demurrers on each and every ground of the original demurrers, and on October 15, 1921, entered an order overruling the renewed demurrers to the petition as amended, on each and every ground thereof."

*J. E. Hall, C. J. Bloch, J. A. Comer,* for plaintiff in error.

*James H. Pate,* contra.

PER CURIAM. (After stating in the foregoing facts.) The petition, as amended, shows upon its face that this is a suit against a carrier other than the initial carrier, for the conversion of property moving in interstate commerce, and that the plaintiff did not have title to the property at the time of its alleged conversion by the defendant. Thus, the controlling question in the case is, as stated in the brief of counsel for the plaintiff in error, "can the holder of an order-notify bill of lading, covering a shipment which moved in interstate commerce over the route of several connecting carriers, maintain an action resting upon the common-law liability of the carrier against the last of the line of connecting carriers, in a case in which such person acquires title to the bill of lading after the damage is done?"

Prior to the decision of the Supreme Court of the United States in the case of Georgia, Florida & Alabama Ry. Co. *v.* Blish Milling

Co., 241 U. S. 190 (36 Sup. Ct. 541, 60 L. ed. 948), it was the law of this State that the initial carrier alone could be sued for damage to property moving in interstate commerce. *Southern Ry. Co.* v. *Savage,* 18 *Ga. App.* 489 (89 S. E. 634) ; *Southern Ry. Co.* v. *Bennett,* 17 *Ga. App.* 162 (86 S. E. 418). However, since the decision in the Blish Milling Co. case, supra, our Supreme Court has definitely declared the law of this State to be otherwise, it being held in the case of *Southern Ry. Co.* v. *Morris,* 147 *Ga.* 729 (95 S. E. 284), that " A common-law action against the last of several connecting carriers to recover for injury or damage to a shipment of freight in the course of interstate transportation, where the injury or damage complained of was caused by the *negligence* of the last connecting carrier, is not prohibited by the terms of the act of Congress of June 29, 1906 (34 Stat. 595, c. 3591, sec. 7. pars. 11, 12), known as the Carmack amendment to the Hepburn act of February 4, 1887 (24 Stat. 386, c. 104, sec. 20). Under this amendment the lawful holder of the bill of lading issued by the initial carrier for freight to be transported in interstate commerce may maintain his *common-law* action against any one of several connecting carriers for loss or injury on its own line. Cincinnati &c. Ry. Co. *v.* Rankin, 241 U. S. 319 (36 Sup. Ct. 555, 60 L. ed. 1022). In a suit for damages against a carrier other than the initial carrier it *must* be alleged that the injury to the shipment of freight was caused by the *negligence* of the defendant to the action. *Cincinnati &c. Ry. Co.* v. *Quincey & Rogers,* 19 *Ga. App.* 167 (91 S. E. 220). The statute of this State (Civil Code, § 2752), which authorizes suits against the last connecting carrier receiving the goods ' as in good order,' was superseded by the Carmack amendment to the Hepburn act, supra, in so far as the State statute applies to interstate shipments and is in conflict with the Federal act. *Central of Georgia Railway Co.* v. *Yesbik,* 146 *Ga.* 769 (2) (92 S. E. 527) ; Atchison &c. Ry. Co. *v.* Harold, 241 U. S. 371, 378 (36 Sup. Ct. 665, 60 L. ed. 1050). The proviso of the Federal statute, ' That nothing in this section [interstate-commerce act, § 20a] shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law,' preserved only existing rights and remedies under the Federal law and common law, not inconsistent with the rules and regulations pre-

scribed by the act. Adams Express Co. *v.* Croninger, 226 U. S. 491 (33 Sup. Ct. 148, 57 L. ed. 314, 44 L. R. A. (N. S.) 257)." It follows from this decision that it is now the settled law of this State that section 2752 of the Civil Code has been superseded by the Carmack amendment; that in a suit for damages against a carrier other than the initial carrier it *must* be alleged that the injury or damage was caused by the *negligence* of the defendant, and that *only* a common-law action can be maintained against the last of several connecting carriers. Now, a suit against a carrier predicated upon this common-law liability is obviously an action sounding in tort (see, in this connection, *Louisville & Nashville R. Co.* v. *Warfield,* 129 *Ga.* 473 (59 S. E. 234); *Kavanaugh* v. *Southern Ry. Co.,* 120 *Ga.* 62, 67 (47 S. E. 526, 1 Ann. Cas. 605); *Louisville & Nashville R. Co.* v. *Cody,* 119 *Ga.* 371 (46 S. E. 429); *Johnson* v. *East Tenn. &c. Ry. Co.,* 90 *Ga.* 810 (17 S. E. 121); *Cohen* v. *Express Co.,* 53 *Ga.* 128); and, under the decision in the case of *Delgado Mills* v. *Ga. R. &c. Co.,* 144 *Ga.* 175 (86 S. E. 550), the lawful holder of a bill of lading cannot maintain a tort action against a carrier where it is shown that the loss occurred before he obtained title to the goods in question.

Nothing here ruled is in conflict with the decision of this court in the case of *Askew* v. *Southern Ry. Co.,* 1 *Ga. App.* 79 (58 S. E. 242), since in that case the suit was against the *initial* carrier, and not, as in the instant case, against the last connecting carrier.

It follows from what has been said that the trial court erred in overruling the demurrer interposed, since the petition shows affirmatively that the plaintiff, as the lawful holder of an order-notify bill of lading, is seeking to hold the last connecting carrier liable for the conversion of property moving in interstate commerce, when he did not acquire title to the property until after the conversion; and the judgment of affirmance previously rendered by this court in this case is vacated and a judgment of reversal is entered in lieu thereof.

*Judgment reversed. Broyles, C. J., Luke and Bloodworth, JJ., concur.*