## 16569. ATLANTIC COAST LINE RAILROAD COMPANY
### *v.* MURRAY.

1. After the petition had been amended to meet the special demurrers, the general demurrer was properly overruled.
2. There is nothing in any of the special grounds of the motion for a new trial that requires a reversal of the judgment.

DECIDED AUGUST 4, 1926.

Damages; from Ware superior court—Judge Custer presiding. April 11, 1925.

*Bennet, Twitty & Reese, Wilson, Bennett & Pedrick,* for plaintiff in error.

*Jerome Crawley, Parks & Garrett,* contra.

BLOODWORTH, J. The plaintiff sought to recover $1405.75 as damages claimed to have been sustained to a car-load of galvanized iron turpentine cups which were delivered by Pringle Turpentine Cup Company to the B. & O. Railroad at Parkersburg, West Virginia, and were shipped by it to its order at Ruskin, Georgia, notify plaintiff, with its sight draft on plaintiff for the purchase-price, attached to the bill of lading. The draft was paid by the plaintiff after the car of cups had arrived and had been placed on the side-track at Ruskin, Georgia. After paying the draft the plaintiff delivered the bill of lading to the defendant's agent, opened the car for the purpose of unloading the cups and aprons, and discovered, as she claimed, damage to many of them. After they were unloaded, some of them she refused to accept, and these she returned to the possession of the defendant. She claims that 1190 were so damaged as to be worthless, but that 22701 were so damaged as to reduce their value by 62 per cent. It was claimed that the damaged cups were accepted by the defendant from the B. & O. Railroad Company for transportation to and delivery at Ruskin, Georgia, in good order, and that they were damaged by the negligence and want of care of its agents and employees in the operation of its trains upon which the car containing the cups was moved over its line of road, in violation of its duty to transport the car with reasonable care and diligence. Defendant filed its general and special demurrers to the plaintiff's petition, which were overruled after certain amendments to the petition had been allowed. In its answer the defendant denied any liability to the

Carriers, 10 C. J. p. 355, n. 52 New; p. 554, n. 92 New.

plaintiff. The trial resulted in a verdict and judgment in favor of the plaintiff for $668.36. The defendant made a motion for a new trial, which later was amended. It was overruled. The bill of exceptions assigns as error the judgment overruling the motion for a new trial, and also the judgment overruling the defendant's demurrers, the right of exception having been preserved by exceptions pendente lite.

This court certified to the Supreme Court the following question: "Where the seller in interstate commerce ships to its own order merchandise, and a through bill of lading is issued to it by the initial carrier, and it is provided that the purchaser be notified, and to the bill of lading there is attached a draft for the value of the merchandise, and where, after the arrival at its destination, the purchaser pays the draft, secures the bill of lading, and takes possession of the merchandise, can he, as the holder of the bill of lading, maintain an action for damages against the last connecting carrier for an injury to the merchandise caused by the negligence of that carrier, when he acquired title thereto after the damages sought to be recovered were inflicted?" The Supreme Court answered as follows: "Under the rulings in *Central of Ga. Ry. Co.* v. *Yesbik,* 146 *Ga.* 769 (92 S. E. 527), *Southern Ry. Co.* v. *Morris,* 147 *Ga.* 729 (95 S. E. 284), and Pennsylvania R. Co. *v.* Olivet, 243 U. S. 574 (37 Sup. Ct. 468, 61 L. ed. 908), the question must be answered in the affirmative." See 162 *Ga.* (134 S. E. 171).

The petition was amended to meet the special demurrers; and under the foregoing ruling of the Supreme Court (the effect of which is to overrule the decision of this court in the case of *Davis* v. *Peacock,* 29 *Ga. App.* 122, 113 S. E. 697), the petition as amended set out a cause of action, and the general demurrer thereto was properly overruled.

There is sufficient evidence to support the finding of the jury.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*