712

## 25194. SOUTHWESTERN RAILROAD COMPANY v. DAVIES.

DECIDED JULY 6, 1936.

*Harris, Harris, Russell, & Weaver, Louis L. Brown Jr.,* for plaintiff in error.

*George B. Culpepper Jr.,* contra.

JENKINS, P. J. ■ "A corporation charged with a duty to the public can not, by sale or otherwise, dispose of its property or franchises so as to relieve itself from liability for acts done or

*omitted,* without legislative sanction expressly exempting it from liability." Code, § 22-716; *Central of Ga. Ry. Co.* v. *Leonard,* 49 *Ga. App.* 689, 692-698 (176 S. E. 137). "A railroad company can not divest itself of its public duties, nor shirk its liabilities, by simply allowing another corporation to take possession of its track and operate cars thereon. . . The theory of liability is that where a railroad company owning the track suffers or licenses another corporation or person to discharge its public functions without legislative authority, the latter does so as the agent of the former." *Gregory* v. *Georgia Granite R. Co., 132 Ga.* 587 (1), 590 (64 S. E. 686). The operation of a railroad by such a lessee, "in the absence of express statutory authority exempting the lessor from liability for the acts of the lessee, does not change the relation of the lessor company to the public; and the servants of the lessee company are, as to acts for which the lessor company may be held liable, in legal contemplation as much the servants of the lessor as of the lessee." *Georgia Railroad & Banking Co.* v. *Tice, 124 Ga.* 459 (4) (52 S. E. 916, 4 Ann. Cas. 200). Therefore a railroad corporation chartered by the State and owning railroad-tracks for the operation of trains may be held liable, not only for tortious acts of commission done by another railroad corporation leasing or otherwise controlling the railroad properties, but for a tortious omission by such a lessee or operator and its agents in breaching a. common-law duty to the public by failing to furnish, on the request of a shipper, a suitable car for the transportation of a perishable vegetable product.

■ Independently of the statutory duties required by the Code, §§ 18-314, 18-315, that railroad companies shall "furnish to any grower of peaches, apples, cantaloupes, watermelons, or other perishable products, suitable icing and refrigerator-cars, or other suitable cars for the transportation of such products, whenever application is made therefor in writing by the shipper 24 hours in advance of the time such car or cars are wanted for loading," or required by other Georgia statutes as to the furnishing of cars, a common carrier has a common-law duty to furnish cars suitable "for transporting, without unreasonable delay, the usual and ordinary quantity of freight [which is] offered to it, or which might be ordinarily expected in its business;" and although ordinarily it may not be bound, under its general duty as a common

carrier, to provide special facilities for transportation, yet if in the usual course of its business it has been accustomed to receive a product requiring a certain kind of car for its proper transportation, and has supplied such cars, a duty as at common law to furnish them will arise, the breach of which will render the carrier liable in an action in tort for the damages. *Wadley So. Ry. Co.* v. *Kent,* 145 *Ga.* 689 (2, 3), 690-693 (89 S. E. 765); *Youmans* v. *Ga. & Fla. Ry. Co.,* 142 *Ga.* 781 (83 S. E. 784); *So. Ry. Co.* v. *Moore,* 133 *Ga.* 806 (67 S. E. 85, 20 ·L. R. A. (N. S.) 851); *Central of Ga. Ry. Co.* v. *Greene,* 41 *Ga. App.* 794, 797 (154 S. E. 809). The so-called "Carmack amendment" to the "Hepburn interstate-commerce act," providing for suit by the lawful holder of a bill of lading, issued by an initial carrier, against such carrier, superseding State statutes only in so far as they apply to interstate commerce or conflict with the Federal act, and not superseding rights and remedies for the tortious breach of a common-law duty to furnish cars, does not preclude such an action ex delicto against an initial carrier as the actual tort-feasor, or against the lessor corporation whose line of railroad such a carrier operates. See *So. Ry. Co.* v. *Morris,* 147 *Ga.* 729 (95 S. E. 284), and cit.; *Central of Ga. Ry. Co.* v. *Yesbik,* 146 *Ga.* 769 (92 S. E. 527), and cit.; *Cincinnati, Hamilton & Dayton Ry. Co.* v. *Quincey,* 19 *Ga. App.* 167 (91 S. E. 220).

■ The instant petition as amended sued for the difference in the market price at Chicago of a car-load of asparagus, shipped from Fort Valley, Georgia, which it would have realized if the car had arrived at its destination in good condition, and the "best price obtainable for the asparagus in its damaged condition" as it arrived in Chicago. It was alleged that this damage occurred because of the failure and refusal of the railroad corporation, operating trains over the right of way of the defendant corporation, to furnish at the place of shipment a sufficiently large refrigerator-car for proper transportation of the asparagus, although such a car was expressly requested, had been customarily furnished for two years, and the smaller and unsuitable car was received under protest and with notice to the carrier that it would be held liable for any damage resulting from the failure to furnish proper equipment. While the shipment was interstate, the petition was not brought against an initial carrier by the plaintiff as holder of

any bill of lading, and there was no reference to the "Carmack amendment" or the "Hepburn act." There was no reference to any Georgia statute with regard to the furnishing of cars or other specific duty. There was no averment as to the breach of any contract. Therefore, properly construed, the petition is a suit to recover damages for a breach of the common-law duty of a common carrier to furnish a suitable car for the transportation of freight, after alleged specific request, knowledge by the carrier of the nature of the car required, and its customary practice of furnishing such cars to the plaintiff. As such, the petition was not subject to general demurrer on the grounds that the plaintiff was being sued as an initial carrier under the "Carmack amendment;" that since the averments showed that it was not such a carrier but merely the owner of the tracks used by the actual initial carrier, it could not be held liable under the "Carmack amendment;" that since this amendment superseded other rights and remedies, the suit was not maintainable; and that, in the absence of any allegation that the injury occurred on the railroad line of the defendant corporation, there was no liability. The proximate, efficient, and only cause of the injury, as alleged, being the original failure of the defendant, through the operator of its railroad system, to furnish a proper car at the place of shipment for the carriage of the freight to its stated destination, a cause of action therefor was sufficiently stated, and the court did not err in denying the motion to dismiss the action.

■ Although the price at which a fruit or vegetable is sold when it arrives at its destination in a damaged condition is not "the proper criterion of value in estimating the damage," and the proper measure in a case of this nature is the difference in the market value of a like product if it had been transported with proper equipment, and such value in the condition in which it arrived with the alleged improper equipment, evidence of the price realized by such a sale would be "admissible as a circumstance in determining the market value" which prevailed at the time for the product in its damaged condition. See *Central of Ga. Ry. Co.* v. *Greene,* supra. Where a suit for failure to furnish cars is based on the Code, §§ 18-314 and 18-315, the measure of damages prescribed therein being the sole and exclusive measure in any suit brought under such statutes, the market value of

the product is to be determined at "the market to which the shipper intended shipping it." *Thompson* v. *Atlantic Coast Line R. Co.*, 26 *Ga. App.* 487 (106 S. E. 322). The market value at such destination also would control where, as in this case, the action, although not based on the statutes, is based on the common-law duty to furnish a proper car for a perishable product, and the alleged tort is not the entire failure to furnish the car, but the furnishing of an unsuitable car for transportation of the product to its destination, because of which the product arrived there in a damaged condition. The amendment to the petition, claiming such a proper measure of damages, was not subject to special demurrer because it alleged that the amount which was stated to be "the best price obtainable for the asparagus in its damaged condition" was also the sale price actually realized.

■ The averments relative to the customary furnishing of the alleged suitable larger refrigerator-cars to the plaintiff for two years, and the familiarity of the carrier with his refrigerating requirements, were not subject to special demurrer on the ground that they were irrelevant and immaterial. Nor, where it was alleged that the plaintiff "was engaged in the handling of shipments of asparagus" from the place of shipment and surrounding territory "as a general consignee" for several years, but it was also alleged that the particular shipment was "billed" by the plaintiff at the place of shipment and "consigned" to himself at the place of destination, could the plaintiff be required to allege whether the legal title was in himself or in others. Nor were the allegations as to the difference in proper and sufficient refrigeration between the larger car previously furnished, and the smaller car in question, merely "conclusions" of the pleader and "vague, indefinite, and insufficient in law."

■ While the general grounds and all other special grounds of the demurrers were properly overruled, the 5th special ground should have been sustained as to that portion of the 8th paragraph, which alleged that after the injury from the failure to furnish the larger refrigerator car had occurred, a representative of the operating carrier came to the place of shipment, "took out the small cars, and, as far as this petitioner is concerned, furnished him with large cars, and that no difficulty whatever was had in the transportation of asparagus in the large cars." This

averment as to what the railroad did with reference to refrigerating equipment after the time in question was subject to the objection of irrelevancy and failure to illustrate the issue whether the car furnished was proper equipment. On all other grounds, the judgment of the trial court is affirmed.

*Judgment affirmed in part and reversed in part. Stephens and Sutton, JJ., concur.*