No. 28.—THE TRUSTEES OF HEARNE MANUAL LABOR SCHOOL, plaintiffs in error, *vs.* SAM'L W. ROBBINS, defendant in error.

[1.] A Court of Equity will not arrogate to itself jurisdiction, where the remedy at Law is complete.

In Equity, in Floyd Superior Court. Decision on demurrer, by Judge TRIPPE, June Term, 1855.

The Act incorporating the "trustees of the Hearne Manual Labor School," provided that "no person shall, by himself, servant or agent, keep, have, use or maintain a gaming house or room of any description, or permit, with their knowledge, any house or room occupied or owned by him, to be used by any person whatsoever, as a gaming place; nor shall any person, by himself, agent or servant, keep or allow, with his knowledge, others to keep or sell ardent spirits, wine, cordials, porter or any other intoxicating drinks whatever; nor permit the

same to be done with his or her knowledge or approbation, on the premises which he or she might occupy." A proviso excepted the sale of spirits for medical and sacramental purposes. Another section authorized the trustees to insert conditions to the effect above stated in their conveyances.

The trustees filed this bill against Samuel W. Robbins, alleging that they conveyed to him a lot of land belonging to said school, inserting a condition therein, that upon his doing or allowing others to do any of the above prohibited acts on the premises conveyed, he should suffer a forfeiture of said lot, and a penalty of $1000 for each offence. The bill alleged that he had violated every provision, both as to gaming and the sale of liquors. The prayer was for a decree that the deed might be declared forfeited and given up to be cancelled, and possession of the premises given to the complainants.

The Court sustained a general demurrer to this bill for want of equity; and this decision is assigned as error.

WRIGHT, for plaintiffs in error.

ALEXANDER, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Holding, as we do, that the Common Law remedy in this case is complete, and that the right of re-entry accrued to the grantor so soon as the condition of the deed was broken, we see no sufficient ground for the jurisdiction of Equity. It will be time enough when the plaintiffs get into possession, and are sued by some one claiming under Robbins, to resort to Equity for a cancellation of the deed. Upon the broad principle upon which the interposition of a Court of Equity is invoked in this case, every suitor in ejectment might call upon Chancery to have his adversary's title delivered up to be annulled, before its validity had been passed upon at Law; and thus, overturn the well established practice in such cases.