Edmondson *vs.* Leach.

JOHN L. EDMONDSON, plaintiff in error, *vs.* THOMAS LEACH, trustee, defendant in error.

1. An estate forfeited by breach of condition subsequent, is not revested in the grantor until after entry or action brought by him or his heirs.

2. Before such entry or action, the land is not subject to levy and sale as the grantor's property, under a judgment later than the conveyance: 8 Blackford, 138.

3. In a claim case, the plaintiff did not show the property subject, *prima facie*, by producing a deed from the defendant, dated prior to the judgment, conveying the land to trustees and their successors forever, "in trust that they erect and build a house or place of worship for the use of the members of the Methodist Episcopal Church, South, in the United States of America," and by proving that the premises, while held under the deed, were built upon and occupied as a methodist camp-ground, and that, previous to the levy, and five years previous to the trial, the methodists of the county concluded to discontinue the use, removed some of the erections, left the land vacant, appointed an agent to sell it, who, however did not sell it, and that it has remained vacant ever since. The plaintiff's case was not made out although the claimant was not one of the trustees, and so far as appeared, did not represent the church or the church members, or claim for their benefit.

Estates. Condition. Levy and sale. Claim. Before Judge McCUTCHEN. Murray Superior Court. August Adjourned Term, 1875.

Reported in the opinion.

JOHNSON & McCAMY, for plaintiff in error.

D. A. WALKER, by brief, for defendant.

BLECKLEY, Judge.

A judgment was rendered in 1859; execution founded thereon was levied in 1875 upon certain lands, as the property of the defendant. A claim was interposed by Leach, as trustee for Mrs. Waterhouse.

The case was tried at August term, 1875. There was no conveyance shown passing title into the defendant, and no proof submitted going to the fact of actual possession of the

premises by him at any time. The plaintiff produced in evidence a deed made by the defendant in 1845, for the nominal consideration of $5 00, conveying the premises (fourteen acres, more or less,) to six trustees "and their successors in office forever, in trust that they erect and build a house or place of worship for the use of the members of the Methodist Episcopal Church, South, in the United States of America." The facts indicated in the third head-note to this opinion, as to the use of the property for a camp-ground, its subsequent disuse, etc., were also proven ; and there the plaintiff rested. The court dismissed the levy, not deeming a *prima facie* case made for the jury to pass upon.

1. We do not find it necessary to rule on the question whether, on the facts proven, the grantor might have entered as for the breach of a condition subsequent. It is enough that, so far as appears, he did not enter nor attempt to do so, and, if he be dead, that his heirs have not so done or attempted : 20 *Georgia Reports,* 563.

2. It would be altogether illogical to hold that the entry by the sheriff, for the purpose of making the levy, would serve as a substitute for entry by the grantor or his heirs. This would be to say that there was no estate for the sheriff to seize, and that still, by setting about making the seizure, the officer might bring the estate into existence. As well could we put fruit on a tree by going with a basket to gather it. Besides, the method of levying upon land in this state is not by taking possession, but by writing out the levy on the *fi. fa.* and giving notice : 46 *Georgia Reports,* 309 ; 50 *Ibid.,* 418. There is no actual entry upon the land by the officer.

3. Finally, if we could hold that, under the facts, the grantor was reinstated before the levy, in all the title he ever had, it would still leave the question whether he ever had any title whatever? And what proof is there that he ever had either title or possession ? We do not recognize the position that in a claim case the *onus* is changed by simply showing that the defendant in *fi. fa.* once conveyed the land levied upon, and that the conveyance is no longer operative. This

might suffice if it were shown that the claimant, resisting the levy, claimed title under that conveyance.   But in the present case no such fact appears.   The court ruled correctly in dismissing the levy.

Judgment affirmed.