Filed April 26, 1894.

---

No. 871.

## McWhorter *v*. Norris.

PRACTICE.—*Overruling Motion to Strike Out Part of a Pleading.*—There is no available error in overruling a motion to strike out parts of a pleading.

PROMISSORY NOTE.—*Negotiable Instrument.—Promise to Pay Interest but not Principal.*—A written promise to pay to another, or order, ten per cent. interest on $300, during the payee's and his wife's lifetime, per year, is assignable under section 5501, R. S. 1881, providing that certain written obligations shall be negotiable by indorsement; and such promise to pay was a valid undertaking, although there is no promise to pay the principal, the $300, for which the interest is to be paid.

PLEADING.—*Complaint.—Inconsistent Facts.—Title, How Acquired.— Negotiable Instrument.—Assignment.*—Where the assignee of a written obligation alleged, in his first paragraph of complaint, that his assignor obtained title to the obligation, by delivery, from her husband; and, in the second, that his assignor obtained title by device, and, also, that his assignor was the widow and only heir at law of her husband, whose estate, not exceeding $500 in value, was set off to the widow by the court, each paragraph alleging a transfer of title to the plaintiff by the widow, title is sufficiently shown in plaintiff, and there are no such inconsistencies in the allegations of the complaint as will destroy the effect of the facts pleaded.

FORMER ADJUDICATION.—*Answer, Sufficiency of.—Dismissal of Action.* —An answer of former adjudication, alleging that the dismissal of the case was not a voluntary one, but was brought about by an announcement of the court that unless additional evidence was introduced, there could be no recovery, is not a good answer.

DEFENSE.—*Matter of.*—*Receipt.*—*Negotiable Instrument.*—*Assignment.* —Where the uncontradicted evidence shows the obligation sued on by the assignee to have been the property of the assignor from July 14, 1874, the next day after its execution, until it was transferred to the assignee, a receipt given to the defendant, the payee, by the payor thereof, on June 4, 1883, is no defense to the action; neither is a settlement made after the assignment of the obligation.

APPELLATE COURT PRACTICE.—*Conflicting Evidence.*—*Verdict.*—Where the evidence is conflicting, the court will not disturb the verdict on the weight of the evidence.

From the Noble Circuit Court.

*H. G. Zimmerman* and *R. W. McBride,* for appellant.

*L. W. Walker,* for appellee.

Ross, J.—The judgment appealed from was rendered in an action brought by the appellee to recover upon the following written obligation:

"$100.　　　　　　WAWAKA, IND., July 13, 1874.

"One year after date, I promise to pay to John Mc-Whorter, or order, ten per cent. interest on three hundred dollars, during his and his wife's lifetime, per year, value received, without relief whatever from valuation and appraisement laws, with ten per centum interest and ten per centum additional for attorney's fees, if collected by suit or legal process.

"AARON McWHORTER."

The complaint is in two paragraphs, to each of which a demurrer for want of facts was filed and overruled.

The complaint is as follows:

"Plaintiff complains of defendant, and says that on the 13th day of July, 1874, said defendant, by his note, a copy of which is filed herewith, marked 'exhibit A,' and made a part hereof, promised to pay John Mc-Whorter ten per cent. interest on three hundred dollars, during his and his wife's lifetime, per year, payable annually, with ten per cent. interest thereon, and ten per cent. attorney's fees; that at the date of the

execution of said note, said John McWhorter gave and delivered said note to Charlotte McWhorter, his wife, as her property for whose benefit said note was given; that said John McWhorter departed this life on the 15th day of August, 1884; that by the terms of his said will he devised all of his property to his said wife, Charlotte; and that by decree and order of this court all of his said property rights and credits were vested in his said widow, Charlotte McWhorter, the same amounting to less than five hundred dollars; that said note was, by said John McWhorter, transferred to said Charlotte by delivery simply; that after said order of said court vesting said property in said Charlotte, to wit, on the —— day of May, 1888, said Charlotte sold, assigned and transferred said note to this plaintiff for a valuable consideration, by her written indorsement thereon; that said note is long past due and wholly unpaid; and plaintiff further says that said Charlotte is still living. Wherefore, plaintiff demands judgment for one thousand dollars.''

Second paragraph. ''For a second and further cause of action, plaintiff complains of defendant and says that defendant, by his note, a copy of which is herewith filed, marked 'exhibit A,' and made a part hereof, promised to pay John McWhorter, or order, ten per cent. interest on three hundred dollars during his and his wife's natural lifetime, payable yearly, with ten per cent. interest and ten per cent. attorney's fees; that said John McWhorter departed this life on August 15, 1884; that by the terms of his will he gave and devised all of his property to his said wife, Charlotte; plaintiff further avers that this court, by decree, on the —— day of ——, 1885, vested all of the property rights and credits of said John McWhorter, deceased, in his widow, Charlotte, who was the sole owner of said note, with all of the rights of said John; that said Charlotte McWhorter, by

her written indorsement, assigned and transferred said note to this plaintiff; plaintiff further says that said Charlotte is still living; that said note is due and wholly unpaid. Wherefore,'' etc.

The appellant, preceding the filing of the demurrer to the first paragraph, filed a motion to strike out parts thereof, which was overruled by the court. There is no available error in overruling a motion to strike out parts of a pleading. *Owens* v. *Tague*, 3 Ind. App. 245; *Walker* v. *Larkin*, 127 Ind. 100; *Lewis* v. *Godman*, 129 Ind. 359, and cases cited; *Holland* v. *Holland*, 131 Ind. 196, and cases cited.

It is earnestly insisted that the instrument sued on is not a promissory note, hence not negotiable.

Section 5501, R. S. 1881, provides that ''All promissory notes, bills of exchange, bonds, and other instruments in writing, signed by any person who promises to pay money, or acknowledges money to be due, or for the delivery of a specific article, or to convey property, or to perform any stipulation therein mentioned, shall be negotiable by indorsement thereon, so as to vest the property thereof in each indorsee successively.''

The obligation sued on, whether a promissory note or simply an obligation to pay money, was clearly assignable under this section of the statute.

The contention of counsel is that the obligation itself does not show an agreement to pay a fixed sum as principal; and that without a principal to become due and payable, there is nothing for the use of which interest is to be paid. In this contention, we can not concur.

True, the obligation does not provide for the payment of a sum as a principal, but the principal is designated as the sum upon which interest is to be calculated, namely, three hundred dollars.

It is contended by appellant, that both paragraphs of

the complaint are insufficient, in this, that they are ''so ambiguous that no issue thereon can be framed which will present, in an intelligent form, the issues for trial, without perplexity and confusion.''

The basis of counsel's argument being that the facts alleged with reference to the ownership are not only so indefinite as to show no ownership whatever, but that there are several charges of the manner in which appellee acquired title, which allegations are inconsistent one with the other.

It is often true, in pleading, that facts are plead which are inconsistent with other facts previously pleaded, and when the pleading is insufficient without one or the other state of facts, such inconsistency will virtually eliminate all such inconsistent facts, and the pleading can not stand.

There are no such inconsistencies in the allegations of this complaint as will destroy the effect of the facts pleaded. The ownership of the obligation sued on, as alleged in the first paragraph, vested in Charlotte McWhorter, by a transfer thereof to her by her husband, as contemplated by the above section of the statute. She afterwards assigned the same to the appellee. The allegations in this paragraph of the complaint, with reference to the death of the assignor, John McWhorter, were necessary, because the transfer by him to said Charlotte McWhorter was not in writing.

Section 276, R. S. 1881, provides as follows: ''When any action is brought by the assignee of a claim arising out of contract, and not assigned by indorsement in writing, the assignor shall be made a defendant to answer as to the assignment or his interest in the subject of the action. And all actions by assignees shall be without prejudice to any set-off or other defense existing at the time of or before notice of the assignment, except

actions on negotiable promissory notes and bills of exchange, transferred in good faith and upon good consideration before due.''

The case of *Bingham, Admr.*, v. *Stage*, 123 Ind. 281, is not in conflict with this opinion. In that case, the court held that the facts pleaded in the answer were not sufficient to sustain the theory that the deceased had made a gift of the instrument sued on, to his wife, prior to his death. There were no facts pleaded in that case showing a transfer by the deceased, either by delivery or otherwise.

The facts alleged in the first paragraph of the complaint show a transfer to Charlotte McWhirter, appellee's assignor, by delivery. In the second paragraph, it is alleged that Charlotte McWhorter, appellee's assignor, acquired title to the obligation by devise, and it was also alleged that she was the widow and only heir at law of said John McWhorter, and that his estate, not exceeding $500 in value, was set off to her, as such widow, by the court. The objections urged to each paragraph, that they fail to show title in the appellee, are not well taken. There was no error in overruling the demurrer to each paragraph of the complaint.

The facts alleged in the third paragraph of appellant's answer, to which a demurrer was sustained, constitute no defense to the complaint.

A party bringing an action may dismiss it at any time before the jury retires, if tried before a jury, or, when tried by the court, at any time before the court has announced its finding. Section 333, R. S. 1881.

And such dismissal is not an adjudication of the subject of the action against him. He may afterwards renew his action by bringing it anew, and such dismissal is no bar thereto. The contention of counsel that the facts pleaded show that the dismissal was not a volun-

tary one, but was brought about by an announcement of the court that unless additional evidence was introduced there could be no recovery, does not strengthen the answer.

The uncontradicted evidence shows the obligation sued on to have been the property of Charlotte McWhorter from July 14, 1874, the next day after its execution, until she transferred it to the appellee, hence the receipt given to appellant by John McWhorter on the 4th day of June, 1883, is no defense to this action.

Appellant contends that the court should have made a finding that the obligation sued on was satisfied, not only by the giving of the receipt above mentioned, but also by what he terms a family settlement had in January, 1880.

We are unable to see what bearing those facts would have on appellee's right to recover in this action under the first paragraph of the complaint, it being evident that the finding and judgment rest solely on that paragraph. John McWhorter, having no interest in the note, could neither give a receipt against it nor include it in his settlement with appellant in January, 1880. The court below having determined the rights of the parties from the evidence, which was conflicting, this court will not review its acts by passing upon the weight of the evidence.

Counsel, with great earnestness, insist that the court below erred in the assessment of the amount of recovery, the same being too large. The contention is that the court allowed interest on interest, or, in other words, compounded the interest.

The contract sued on stipulated for the payment of a certain sum at a specified time, which, if not paid when due, was to bear interest at the rate of ten per cent. The

McWhorter *v.* Norris.

court, in assessing the damages, allowed but six per cent. interest on this amount from the time it fell due. In this, we think the court erred, not in assessing the amount of recovery too high, but in assessing it too low. The appellee, if he was entitled to interest at all under the contract, was entitled to have it calculated at the rate of ten per cent., as provided therein.

The judgment of the court below is affirmed, with five per cent. damages.

Filed Sept. 28, 1893.

### Opinion on Petition for a Rehearing.

Ross, J.—The appellant petitions for a rehearing, insisting that "The opinion wholly fails to notice and consider the existence and legal effect of the order or decree of the probate court of March 4, 1887, setting over to Charlotte McWhorter, the payee's widow and plaintiff's assignor, on her application, the alleged note sued on as part and parcel of the decedent's estate; and also further omits any reference to the legal effect, considered in connection with said order or decree, of the release executed June 4, 1883, by the payee to appellant, releasing and discharging the latter from all liability to the said payee on all claims either by promissory note or personal transactions."

The court below, on the trial of the cause, found "That on the 13th day of July, 1874, at Ligonier, Indiana, defendant executed and delivered the note sued on in this action to his father, John McWhorter, under the name and style of John McHunter; that on the 14th day of July, 1874, said John McWhorter transferred said note to Charlotte McWhorter, his wife, by delivery, as a gift; that said Charlotte McWhorter owned and controlled

said note continuously from July 14, 1874, until May, 1888, when she transferred it to the plaintiff.''

These facts, found by the court, are fully sustained by the evidence.    If, as the court found, Charlotte McWhorter was the owner of the note, and had been since July 14, 1874, the order of the court made in 1887, setting it off to her as a part of her husband's estate, did not change her title or the manner in which she acquired it. She was not bound to relinquish her title originally acquired, and claim simply under the order of the court.

With this view of the case, the release executed by John McWhorter in 1883 did not operate against the note held and owned by Charlotte McWhorter.    This court will not weigh evidence and determine which side has a preponderance.    The trial court has passed upon the conflicting evidence, and decided in favor of the appellee, and this court will not disturb the finding.    .

Petition overruled.

Filed April 6, 1894.