THE PEACOCK AND HUNT NAVAL STORES COMPANY *v.* THE BROOKS LUMBER COMPANY.

1. The breach of a condition subsequent in a deed does not, of itself alone, defeat the grantee's estate, nor revest title in the grantor, until after entry, or recovery in an action brought by him or his heirs; and the same rule is applicable in case of the lease of realty for a term of years.

2. Accordingly, where such a lease was made and the lessee put in possession, although it was stipulated in the lease contract that if certain notes given for the lease were not paid at maturity the property should revert to the lessor, the mere failure of the lessee to pay these notes or any of them when due did not, without more, authorize the lessor's vendee to forcibly enter upon, or evict from the leased premises, the original lessee or his successor in title.

3. Under the rules above announced, and in view of the facts of this case, the court erred in denying the injunction prayed for by the plaintiffs, and in continuing in force the restraining order originally granted against them.

August 12, 1895.

Injunction.   Before Judge SWEAT.   Charlton county. June 24, 1895.

On November 6, 1891, C. C. Grace executed a written lease to Cole & Covington, of over ten thousand acres of pine timber lands in Charlton county, for turpentine purposes, for ten years, with the right to use the boxes cut for turpentine on said lands for three years after such boxes were cut.  The lease contained this clause: "Should the parties of the second part fail to pay said notes at maturity, the timber above mentioned and for which they are given, then reverts back to and becomes the property of said C. C. Grace, his heirs and assigns." On December 16, 1892, Cole & Covington (who were in possession, working the timber) made a mortgage to Peacock, Hunt & Co., to secure the payment of certain promissory notes, as well as any other advances made by them to Cole & Covington, and conveying for that purpose, among other property, that so leased for turpentine purposes.  The mortgage contained a covenant, that if Cole & Covington should fail to meet their notes so secured, or to pay any other advances when due, the mortgagees should have the right to foreclose the mortgage immediately, or to sell the property with or without seizure and with or without possession of it, after written notice posted at the court-house door ten days before the day of sale, and sell the same to the highest and best bidder, and make proper deed of conveyance to the purchaser.  The power of sale thus given was exercised; the sale was made on June 11, 1895, and the property bid off by the Peacock & Hunt Naval Stores Co. (the plaintiff), to whom a deed was made by the mortgagees, dated one day afterwards.  Cole & Covington had paid Grace a part of the purchase price of the property, but had failed to pay certain of the notes therefor when they fell due; and this was known by plaintiff.  On the day of sale Grace delivered to the Brooks

Lumber Co. (defendant) a deed dated one day previously, conveying all the timber on said lands (being the same property conveyed by Grace to Cole & Covington by the lease), with warranty of title against all lawful claims by those under whom Grace held, and against the claims of all persons asserting title through or under him. It appears that Grace did not, before making this deed, go upon the land and take possession of it, nor bring any suit for it, nor demand its reversion to his possession; though he had notified Cole & Covington that they must stop working the timber unless they paid the notes due. It further appears that all parties had actual previous notice of the transactions before related. Defendant under its deed entered upon portions of the land and commenced to work the timber for turpentine, Cole & Covington being then in possession as agents for the plaintiff company, which, on June 20, presented its petition to enjoin the defendant from so working, and from further interference with the land. The judge passed a restraining order as to both plaintiff and defendant, against their entering upon the premises and working the timber for turpentine, etc. In an amendment allowed at the hearing, plaintiff tendered to the court the amount due from Cole & Covington to Grace, with interest on the notes still held by him against them for the balance of the price of the property. Plaintiff had, on the day before the sale under the mortgage, refused to assume such liability, or to pay anything to Grace for Cole & Covington. After hearing the pleadings and evidence, the court ordered that the restraining order be vacated and annulled as to defendant, and continue of force and effect against the plaintiff, until further order; and that defendant enter into a bond, with security to be approved by the judge, conditioned to pay plaintiff all damages which might accrue to it and be assessed on final hearing, by reason of the refusal of the injunction

prayed by plaintiff, and of the grant of the injunction prayed by defendant. To this judgment plaintiff excepted.

L. A. WILSON, for plaintiff.
W. M. TOOMER, for defendant.

LUMPKIN, Justice.

An estate granted upon a condition may, by a breach thereof, be defeated. If it be a condition precedent, it must be performed before the estate vests. If a condition subsequent, a failure to perform may work a forfeiture of an estate already vested. Code, §§2294, 2295. The question in the present case is whether or not, upon the breach of a condition subsequent, a forfeiture revesting the title will at once result by mere operation of law. This question has been answered in the negative by the decisions of this court in *Norris* v. *Milner et al.*, 20 *Ga.* 563, and in *Edmondson* v. *Leach*, 56 *Ga.* 461, as well as in other cases.

The grantor in a deed containing such a condition may, upon its breach, re-enter, if he can do so peaceably; or he may maintain his action for the recovery of the premises, in the event the grantee refuses to yield possession. Until, in one or the other of these ways, the grantor shall have regained possession, the grantee's possession continues to be lawful. The rule above stated is applicable to a lease of realty for a term of years as well as to a deed of absolute sale. In either case, those holding under the original grantor or lessor are not, before forfeiture and re-entry, in any better position than the grantor or lessor himself; and of course those holding under the grantee or lessee are entitled to all his legal rights in the premises. The right of re-entry must be established either by a voluntary surrender of possession by the person breaking the condition subsequent, or by his due eviction under a judgment at

law. The regaining of possession, either total or partial, by mere force is neither lawful nor effectual, for in no sense would such an entry establish the *right* of possession.

Applying the above to the facts of the present case, the court erred in denying the injunction.

*Judgment reversed.*