## WATKINS *v.* HENDRICKS.

1. In a contract for the sale and purchase of land, signed by both parties, the purchaser agreed to pay for it in installments payable at specified times, and to clear, improve, and put in cultivation twelve acres of the land each year. In the event he failed to pay the purchase-money as provided, the contract stated that it was to be null and void, and that his right to the possession of the land should cease. If the purchaser made the improvements specified, but failed to pay the purchase-money, the improvements were to be taken in settlement of the rent of the land. In the event he failed to perform any of the stipulations and agreements, either as to improvements or payment of the purchase-money, or any part or installment of it, the agreement provided that his right to the possession of the property should cease, and that he would at once without process of law, upon notice, deliver possession to the vendor. *Held*, that time was of the essence of the contract as to the agreements of the purchaser.

2. Where an equitable petition filed by a purchaser for specific performance of a contract of sale of land showed on its face that time was of the essence of the contract, and that he had not complied with his agreements, and set forth no reason excusing non-performance on his part, the petition was demurrable.

3. The addition of a prayer that if for any reason specific performance could not be decreed, damages in lieu thereof should be awarded, was not sufficient to save such a petition from being dismissed on demurrer.

4. Where an amendment to pleadings is tendered and rejected by the court,

the paper so offered does not become a part of the record, so as to be brought up as such, when error is assigned upon its rejection.

JANUARY 9, 1912.

Equitable petition. Before Judge Rawlings. Tattnall superior court. October 6, 1910.

*Way & Burkhalter,* for plaintiff.

*John P. Moore* and *Hines & Jordan,* for defendant.

LUMPKIN, J. 1. While time is not ordinarily of the essence of the contract, it may become so by express agreement or by reasonable construction. Civil Code (1910), § 4268 (8). In this case the purchaser of land in 1902 agreed to pay for it in five installments, payable on January 1st of each year, and to clear, improve, and put in cultivation twelve acres of land a year. The contract provided that in the event the purchaser failed to make the clearings or improvements as agreed, or failed to pay the purchase-money "as above mentioned, then this contract or agreement is to be null and void, and rights of said J. J. Watkins [the purchaser] to the possession of said land shall cease." If the purchaser made the improvements, but failed to make the payments of purchase-money "aforesaid," the improvements were to be accepted as settlement of rent for the land. In another clause the purchaser agreed, "in the event he failed to do and perform any of the above and foregoing stipulations and agreements, either in the improvement of said place or payment of purchase-money or any part or installment of the same, that his right to the possession of said property ceases, and he will at once without process of law, upon notice given her [him] by the said Nancy Hendricks [the vendor], her agent, or attorney, or other representative, deliver quiet and peaceable possession of the same." This was signed by both parties. Under the terms of this agreement time was of the essence of the contract. *McDaniel* v. *Gray & Co.,* 69 *Ga.* 433; *Dukes* v. *Baugh,* 91 *Ga.* 33 (16 S. E. 219); *Ellis* v. *Bryant,* 120 *Ga.* 890, 893 (48 S. E. 352).

2. The petition does not allege that the purchaser made or tendered the payments at the times agreed on, or state any sufficient reason for the failure, except as to the first installment, the time for the payment of which was alleged to have been extended. The plaintiff alleged in general terms the tendering of "the whole amount due on said contract" to the transferee of the vendor, in

July, 1905, and to the vendor in the spring of 1907. The installments due in January, 1904 and 1905, were not paid. Nor was that due in 1906 or 1907 tendered till the spring of the latter year, after the other party had retaken possession in 1906. The equitable petition, which was filed in 1908, alleged that about fifty acres had been improved and put in cultivation.

The plaintiff thus comes into a court of equity praying specific performance of a contract where time was of the essence, though showing that he himself has not performed his own contract, ahd offering no reason therefor. The original petition was accordingly demurrable.

3. The prayer for damages in the event that the plaintiff can not have specific performance adds nothing to the case. Under the allegations of the petition, he was entitled neither to specific performance nor to damages for breach of contract in lieu thereof. *Prater* v. *Sears,* 77 *Ga.* 28 (2).

4. It appears that the plaintiff in error tendered an amendment to his petition, but the court refused to allow it. Error was assigned on this ruling. It has been settled by numerous decisions that, in such a case, the rejected amendment can not be brought to this court as a part of the record. The presiding judge having refused to allow it to be made a part of the record, counsel could not, by filing it in spite of such ruling, make record of it and bring it to this court as such. *Moore* v. *Guyton,* 110 *Ga.* 330 (35 S. E. 339); *Hays* v. *Clay,* 124 *Ga.* 908 (53 S. E. 399), and citations. The assignment of error based on this ground can not be considered; but the case must be determined on the original petition and the demurrer thereto.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*