## LANIER *v.* ELDER *et al.*

The petition for cancellation of deed, for non-performance by grantee of conditions as to support etc. of grantors, held sufficient as against a general demurrer.

Under the uniform procedure act of 1887, so much of the petition as sought to recover for an indebtedness alleged to be due petitioners by defendant for borrowed money was not subject to the special demurrer on the ground that it was irrelevant and immaterial to the cause of action set forth in the other portion of the petition.

The court did not err, on conflicting evidence, in granting an interlocutory injunction.
　　No. 3024. DECEMBER 22, 1922.

Injunction. Before Judge Searcy. Fayette superior court. December 10, 1921.

A petition was brought by J. L. Elder and M. A. Elder against R. W. Lanier, returnable to the September term, 1921, of the superior court of Fayette county, praying for cancellation of a certain deed executed and delivered by the petitioners to the defendant to certain described land, and for injunction and other relief. A temporary restraining order was granted, and an order requiring the defendant to show cause on July 9, 1921, why the relief prayed for should not be granted. On that day the defendant filed his answer, and a general and special demurrer to the petition. By agreement of the parties the hearing was continued until the following September term of the court, in order that the demurrers and other questions involved might be then determined by the judge. During that term a consent order was granted, setting the hearing on December 10, 1921. On that date R. L. Lanier, as administrator of J. L. Elder, who had died since the institution of the

action, was made a party plaintiff; and an amendment to the petition was allowed, alleging the insolvency of the defendant, and also alleging the material portions of the original petition. The original petition was not verified, but the amendment was positively verified by R. L. Lanier, who, as administrator of J. L. Elder, deceased, had been made a party plaintiff. On the hearing in December the affidavit of the other petitioner, M. A. Elder, was introduced in evidence, in which it was averred that she had read the petition, and that the allegations therein were true in so far as she had personal knowledge thereof, and that as to other matters therein stated she believed them to be true. The court overruled the demurrers to the petition, and, upon conflicting evidence as to all material issues, granted an interlocutory injunction; to which ruling the defendant excepted.

The material allegations of the petition are to the following effect: J. L. Elder and M. A. Elder, aged brother and sister, were, by reason of their physical infirmities, unable to care for each other or themselves, or to manage and operate the farm on which they resided alone, and which constituted the land in controversy. They therefore entered into an agreement with R. W. Lanier, a relative of theirs, in pursuance of which they conveyed to him the farm. The deed was executed and delivered on September 12, 1919, and recited that " for and in consideration of the sum of five hundred dollars, and other consideration hereinafter mentioned, in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, [the grantors] have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey unto the said party of the second part [R. L. Lanier], his heirs and assigns, all that tract or parcel of land lying and being in the 549th District G. M., Fayette County, Georgia [describing it as part of land lot 151, and by adjoining lands]. In addition to the consideration above set forth, the grantee in this deed, the said R. L. Lanier, is to take care of and maintain and support the grantors in this deed for and during their natural lives; and the said grantors hereby reserve a life-estate in said lands for their use and benefit; and the right is given the grantee to take possession of said property during the lifetime of said grantors, for the sole purpose of operating and controlling same for the use and benefit of said grantors

as to their maintenance and support; and at the death of said grantors an absolute fee-simple estate is to vest in the grantee, provided he has complied with all the conditions of this deed as above set forth, with a reservation of one-half acre for cemetery purposes, and roadway from main road to cemetery, and that he is to place a box-tomb over the graves of J. L. and M. A. Elder, and to keep the same cleared off."

The petition further alleged that the grantee had not complied with any of his obligations as set forth in the deed; that he had paid no part of the five hundred dollars, nor had he done anything towards the maintenance and support of the grantors, had furnished them no money, supplies, nor anything for their comfort and maintenance, and had in no way cared for them; that he moved into the home of the grantors soon after the execution of the deed, and remained there two or three months, but did nothing for them or towards the management of the farm, for their benefit during that time, but while there borrowed from them all the money they had, some three or four hundred dollars, which he used for himself and none of it for the grantors; that he left them while they were very feeble and unable from their infirmities to look after or manage the farm, and that they were compelled to call upon some other relatives for aid and the necessities of life, and to arrange to rent the lands to other parties; that the grantee returned to the farm some ten days prior to the bringing of the petition, and was threatening to oust the tenants of the grantors and to take possession of the premises, still refusing to furnish the grantors with anything for support or to procure medical service for them, although they were greatly in need of it; and that they were unable, on account of their feeble condition and infirmities, to prevent the defendant from forcing himself into their home, taking charge of their property and turning them out without means of support. The prayers were, that defendant be enjoined from taking possession of the premises, from in anyway interfering with petitioners in their enjoyment of the same; and from conveying the property to any one, or in any way changing its present status; that the deed in question be delivered up and canceled; that the title to the premises be decreed to be in petitioners; that petitioners have judgment against defendant for the money they loaned him; and for process.

The answer denied all the material allegations of the petition. There was much evidence submitted on the hearing tending to support the petition, and also the answer. The demurrers were overruled, and an interlocutory injunction granted. The defendant excepted to both rulings.

*Hall & Jones,* for plaintiff in error.

*J. W. Culpepper* and *W. B. Hollingsworth,* contra.

FISH, C. J. (After stating the foregoing facts.) We agree with the trial judge that the petition was not subject to general demurrer. In the conveyance sought to be canceled the consideration thereof is stated to be the sum of five hundred dollars, and in addition to that the grantee was to care for, maintain, and support the grantors during their lives; the grantors reserved the life-estate in the premises conveyed for their use and benefit, and the right to take possession of the property by the grantee during the lives of the grantors was for the sole purpose of operating and controlling the premises for the use and benefit of the grantors; and it was expressly stipulated that at the death of the grantors an absolute fee-simple estate was to vest in the grantee, " provided he has complied with all the conditions of this deed as above set forth." The petition alleged that the grantee had not complied with any of the conditions set forth in the deed, nor had he paid any part of the alleged money consideration. Therefore the grantors had the right, taking the allegations of the petition to be true, to treat the failure on the part of the grantee to comply with the conditions stated as a forfeiture of any interest he might have in the premises.

The paragraph of the petition which alleged that petitioners had loaned defendant a given amount of money, and for which they prayed a recovery, was specially demurred to on the ground that the allegations in the paragraph " are immaterial and irrelevant to the cause of action declared on." This demurrer was without merit. If defendant was indebted to petitioners as alleged, they could have judgment for the debt in this action. Since the uniform-procedure act of 1887 (Civil Code of 1910, § 5406), legal and equitable causes of action may be joined in the same petition.

While the original petition should have been positively verified before the granting of the restraining order, the absence of such verification did not require the refusal of an interlocutory injunc-

tion, in view of the fact of the positive verification of the amendment which substantially restated the allegations of the original petition, and the further fact of the affidavits of the petitioners submitted on the hearing.

We conclude, in view of the conflicting evidence, and the rulings above stated, that the judgment must be affirmed.

*Judgment affirmed. All the Justices concur.*