EVANS *et al. v.* BROWN *et al.*

No. 14607.   September 13, 1943.   Rehearing denied October 8, 1943.

636

*Herbert W. Wilson,* for plaintiffs in error.

*Wilson, Bennett, Pedrick & Bennett,* contra.

BELL, Chief Justice. The deed from the plaintiff Evans to the defendants, Bertha Brown and Mamie Brown, conveyed only a remainder interest in the property after the death of the grantor, he reserving in himself a life-estate. The deed contained also the following clause: "It is understood and agreed that parties of the second part are, as a part of the consideration for this deed, to pay all taxes, assessments, or liens against this property, and failure to

do so shall cause title to said property and the remainder interest therein to revert back to grantor instanter in fee simple forever, in its entirety." Counsel on both sides have treated this stipulation as creating a technical condition subsequent; and according to our view of. the case we may properly adopt this construction. The language employed certainly would not admit of a classification more favorable to the grantees; and even in this view we think a cause of action. was stated. See, in this connection, *Atlanta Consolidated Street Railway Co.* v. *Jackson,* 108 *Ga.* 634 (34 S. E. 184).

The plaintiffs contend that there was a breach by the defendant grantees of the foregoing condition as to payment of taxes; and this requires a determination as to what taxes the grantees were to pay and when they were to pay them. Ordinarily, as between a life-tenant and a remainderman, the former, as the person enjoying the property, should be chargeable with the taxes (Code, § 92-110); but the deed here having reserved a life-estate in the grantor, and having conveyed the entire remainder to the grantees, and having further expressly stipulated that the grantees should "pay all taxes," it was evidently intended to reverse the ordinary rule of liability as between the parties and to require the grantees to pay all taxes of every kind that might be assessed against this property during the life of the grantor; and the petition as a whole shows that certain city taxes did accrue against it in 1941 and 1942. The deed did not say in terms that the taxes should be thus paid by the grantees so long as the grantor lived, but clearly such is its true meaning.

Nor did the deed contain any express statement as to when the taxes were to be paid; but the time for payment was fixed by law, and the parties must have intended payment according to such requirement. Manifestly, they did not intend that the grantees would be at liberty to become tax defaulters. Compare *Heist* v. *Dunlap,* 193 *Ga.* 462 (18 S. E. 2d, 837). Under the charter of the City of Waycross, the taxes for 1941 and 1942 that were not paid by the grantees became due and payable in instalments on the 15th days of April, July, and October, in the years in which they were levied, with interest at the rate of seven per cent. per annum on each instalment from the date it became payable; and it was the duty of the city clerk to issue executions on the first day of

November in each year. Ga. L. 1909, pp. 1456, 1485, § 35. The two items in question were thus in default from November 1 in 1941 and 1942 respectively, and at the time they were paid by the grantor in April, 1943.

Where no time is fixed for the performance of a condition subsequent, it is generally to be performed within a reasonable time; but where a particular time is given, the condition must ordinarily be performed within that time. *Bearden Mercantile Co.* v. *Madison Oil Co.*, 128 *Ga.* 695 (3) (58 S. E. 200); 19 Am. Jur. 545, § 81. It is provided in the Code, that while time is not generally of the essence of a contract, it may, by express stipulation or reasonable construction, become so. § 20-704(9). In this case the deed by implication definitely fixed as the times for performance the dates prescribed by law for ultimate payment of the taxes, the date as to city taxes being November 1, and provided also that failure to comply with the condition would cause the title and the remainder interest "to revert back to the grantor instanter." The only reasonable construction is that time should be treated as of the essence of the contract; and in this view the allegations of the petition clearly showed a breach. *Watkins* v. *Hendricks*, 137 *Ga.* 330 (73 S. E. 581).

Since we have thus concluded that the petition sufficiently alleged a breach, some other questions require consideration. The allegations to the effect that the grantees tendered to the grantor the amount of taxes that he had paid on account of their default, and that they made such tender before suit was filed, do not show that the breach was cured. In the absence of waiver or estoppel on the other side, the grantees could not by this act avoid the consequences of their default; and the refusal of the grantor to accept the tender was only a refusal to waive the breach, in so far as he was concerned. *Moss* v. *Chappell*, 126 *Ga.* 196 (7) (54 S. E. 968); *City of Barnesville* v. *Stafford*, 161 *Ga.* 588 (4) (131 S. E. 487); *Cottle* v. *Tomlinson*, 192 *Ga.* 704 (3) (16 S. E. 2d, 555); *Delray Inc.* v. *Piedmont Investment Co.*, 194 *Ga.* 319 (4) (21 S. E. 2d, 420); *Cunningham* v. *Moore*, 60 *Ga. App.* 850 (5 S. E. 2d, 71).

Since it appears from the petition that before the tender was made, Evans had conveyed his entire interest in this land to Lula Hunter, his coplaintiff, it might be that no tender to or waiver by

him could in any manner affect the rights of such grantee; but we need not pass upon this question; nor is it necessary to determine whether if the defendants had paid the taxes *to the city* even after they were in arrears, but before they were paid by Evans and before other action taken, a breach could have been claimed. Regardless of these questions, the petition clearly showed a breach, and did not show waiver or estoppel as against either plaintiff, unless the execution of the second deed itself amounted to some such impediment; and the effect of this conveyance will now be considered.

The deed by Evans to Lula Hunter, purporting to convey the entire estate in this land, appears to have been made after the breach by the defendants; and while such a conveyance would have been ineffectual at common law, and might even have destroyed the rights of the grantor, yet in this State any chose in action involving a property right may be assigned, and so the deed to Lula Hunter, as made after such breach, vested in her all the rights of her grantor as to this property, including the right of suit. Code, §§ 85-1803, 85-1805; *Tucker* v. *McArthur*, 103 *Ga.* 409 (30 S. E. 283); *Irby* v. *Smith*, 147 *Ga.* 329 (93 S. E. 877); *Sullivan* v. *Curling*, 149 *Ga.* 96 (99 S. E. 533, 5 A. L. R. 124); *Kennedy* v. *Kennedy*, 183 *Ga.* 432 (188 S. E. 722, 109 A. L. R. 1143, note); *Delray Inc.* v. *Reddick*, 194 *Ga.* 676 (22 S. E. 2d, 599, 143 A. L. R. 519, note). See 26 C. J. S. 484, § 147; 19 Am. Jur. 546, § 83; 33 Am. Jur. 688-694, §§ 208-210; Dolby *v.* Dillman, 283 Mich. 609 (278 N. W. 694, 117 A. L. R. 538, note); Pure Oil Co. *v.* Miller-McFarland Drilling Co., 376 Ill. 486 (34 N. E. 854, 135 A. L. R. 567, note). The effect of a conveyance before breach is not now for determination.

The following decisions, cited for the defendants, when considered with their facts, cannot be construed as holding anything contrary to what has just been said as to the right of assignment. *Roberts* v. *Prior*, 20 *Ga.* 561, 563; *Edmondson* v. *Leach*, 56 *Ga.* 461; *Peacock & Hunt Naval Stores Co.* v. *Brooks Lumber Co.*, 96 *Ga.* 542 (23 S. E. 835). In fact the decision last cited seems to have recognized this right. See especially the language on page 545.

An estate may be granted upon a condition, either express or implied, upon performance or breach of which the estate shall either

commence, be enlarged, or be defeated. Code, § 85-901. Conditions subsequent in deeds, although not favored, will be enforced by the court when they are clearly created and are not inconsistent with the other terms of the conveyance, and are not rendered impossible by the act of God or by the subsequent conduct of the grantor. Code, §§ 37-216, 85-902; *Turner* v. *Turner,* 186 *Ga.* 223 (197 S. E. 771); *Rustin* v. *Butler,* 195 *Ga.* 389 (24 S. E. 2d, 318). Upon breach of a condition subsequent working a forfeiture, the person to whom the estate is limited may enter immediately. Code, § 85-906. It was the rule at common law, and has been so laid down several times by this court, that the breach of a condition subsequent in a deed does not ipso facto defeat the grantee's estate, or revest title in the grantor; but that until re-entry or a suit for recovery of the land by the grantor, the possession of the grantee continues to be lawful. *Roberts* v. *Prior,* supra; *Edmondson* v. *Leach,* supra; *Peacock & Hunt Naval Stores Co.* v. *Brooks Lumber Co.,* supra; *Moss* v. *Chappell,* supra; *Wadley Lumber Co.* v. *Lott,* 130 *Ga.* 135 (60 S. E. 836). While this rule does not prevail in some jurisdictions, especially where the common-law doctrine of livery of seisin has been abolished, yet, as shown by these decisions, it is still recognized in this State in cases where there is an immediate right of possession, even though we have no livery of seisin in Georgia. *Royal* v. *Lisle,* 15 *Ga.* 545 (60 Am. D. 712); *Stamper* v. *Griffin,* 20 *Ga.* 312 (3) (65 Am. D. 628); *Beard* v. *White,* 120 *Ga.* 1018 (5), 1021 (48 S. E. 400). See Code, § 85-906; 19 Am. Jur. 549-551, § 88.

The plaintiffs, however, or rather Lula Hunter, as transferee owner of the chose in action, could not exercise the right of re-entry as to the estate claimed under the alleged forfeiture; nor could she sue at law for its recovery, since it was only an estate in remainder, with no right of possession until after the grantor's death, and since in order to recover land in an action at law the plaintiff must have the right of possession. *Glore* v. *Scroggins,* 124 *Ga.* 922 (3) (53 S. E. 690); *Graham* v. *Peacock,* 131 *Ga.* 785 (2) (63 S. E. 348); *Taylor* v. *Meeks,* 133 *Ga.* 385, 386 (65 S. E. 850); *Capps* v. *Smith,* 175 *Ga.* 795 (2) (166 S. E. 234). It follows that, notwithstanding the condition broken, there was no remedy at law, and equitable jurisdiction could be invoked. Code, § 3-105; *Trustees of Hearne Manual Labor School* v. *Robbins,* 19

*Ga.* 134; *City of Barnesville* v. *Stafford,* supra; *Johnson* v. *Tullis,* 152 *Ga.* 232 (109 S. E. 659); *Lanier* v. *Elder,* 154 *Ga.* 707 (115 S. E. 81); *Hale* v. *Turner,* 183 *Ga.* 593 (189 S. E. 10); 19 Am. Jur. 551, § 89; 33 Am. Jur. 695, § 212.

In view of the other facts, it makes no difference whether the plaintiffs or the defendants were in physical possession of the land, since no one was or could be in actual possession of the remainder interest. Therefore it is immaterial that the allegations of the petition may have been contradictory or equivocal as to present possession.

Nor was previous notice or demand a condition precedent to suit. Code, §§ 3-106, 85-904, 85-906; *Georgia Railroad & Banking Co.* v. *Macon,* 86 *Ga.* 585 (3) (13 S. E. 21).

The case differs from those involving accelerating clauses as to maturity of debts, where the clauses are not automatic, but merely give options as to acceleration; but even under such a clause, a suit to recover the entire debt, predicated on such option, may without more constitute a sufficient election. Compare *Lee* v. *O'Quinn,* 184 *Ga.* 44 (190 S. E. 564); *Delray Inc.* v. *Piedmont Investment Co.,* supra; *Gilford* v. *Green,* 33 *Ga. App.* 1 (125 S. E. 80); *Pape* v. *Woolford Realty Co.,* 35 *Ga. App.* 282 (2) (134 S. E. 174); *McRae* v. *Federal Land Bank of Columbia,* 36 *Ga. App.* 51 (2) (135 S. E. 112).

While a condition subsequent was involved in *South Carolina & Georgia Railroad Co.* v. *Augusta Southern Railroad Co.,* 111 *Ga.* 420 (36 S. E. 593), the agreement there by its terms required thirty days written notice before a breach could be declared.

Nor is the present case within that class of cases in which, if the breach is not wilful, equity may relieve against a forfeiture or penalty, where the stipulation was intended merely as security for the payment of money and compensation can be made. *Duncan* v. *Campbell,* 154 *Ga.* 824 (2), 828 (115 S. E. 651).

The suit here was in equity, and, as we have seen, there was no remedy at law. The allegations were sufficient to state a cause of action in Lula Hunter for a decree of title in her, and for cancellation; and this being true, even if they may not have shown any right of action at all in Kers Evans, her grantor and coplaintiff, the petition was not subject to a mere general demurrer attacking it as a whole as to both plaintiffs. *May* v. *Jones,* 88 *Ga.* 308 (4)

(14 S. E. 552, 15 L. R. A. 637, 30 Am. St. R. 154) ; *Howard* v. *Edwards,* 89 *Ga.* 367 (2) (15 S. E. 480) ; *Carson* v. *Fears,* 91 *Ga.* 482 (3) (17 S. E. 342) ; *Pardue Medicine Co. Inc.* v. *Pardue,* 194 *Ga.* 516 (4 *a*) (22 S. E. 2d, 143).

The court erred in sustaining the general demurrer and dismissing the action.     *Judgment reversed.    All the Justices concur.*