1. Where a deed by an owner of land, reserving a life-estate in himself and conveying the remainder interest to the grantees, contained the further clause, "It is understood and agreed that the [grantees] are, as a part of the consideration for this deed, to pay all taxes, assessments, or liens against this property, and failure to do so shall cause title to said property and the remainder interest therein to revert back to grantor instanter, in fee simple forever, in its entirety," held, that failure to pay municipal taxes against the property for any year during the grantor's life and at the time of their maturity under the city charter would constitute a breach of such condition, entitling the grantor to reclaim the title to the remainder estate conveyed.
2. After breach of the condition, the rights of the grantor with respect to such remainder estate could be assigned to another person, and a deed *Page 635 
then made by him conveying the entire estate in fee simple would vest in such second grantee a right of action in equity for a decree of title and cancellation as to such remainder interest, the grantor being still in life, and there being therefore no present right of possession as to such interest authorizing an action at law.
3. The petition of the grantor and his grantee in the second deed, against the grantees in the first deed, seeking, among other things, the relief mentioned in the preceding note, stated a cause of action in favor of such grantee plaintiff, and therefore was not subject to a mere general demurrer attacking it as a whole as to both plaintiffs.
 No. 14607. SEPTEMBER 13, 1943. REHEARING DENIED OCTOBER 8, 1943.
On April 10, 1943, Kers Evans (sometimes known as Carl Evans) and Lula Hunter filed a suit in equity against Bertha Brown and Mamie Brown, alleging breach of a condition subsequent as to payment of taxes, in a deed from Kers Evans to the defendants, wherein he conveyed to them a remainder interest in described land; and other facts. It appeared from the petition that Evans had conveyed the land to Lula Hunter, his coplaintiff, after the date of the alleged breach. They prayed, that the deed from Evans to the defendants be declared null and void, that the title to the land be adjudged in the plaintiffs in its entirety; and for cancellation, injunction, and general relief. The court sustained a general demurrer and dismissed the action, and the plaintiffs excepted.
In detail, the allegations of the petition were substantially as follows: On April 27, 1940, Kers Evans, one of the plaintiffs, executed and delivered to the defendants a deed conveying to them a remainder interest in a described tract of land in the City of Waycross, "after the death of party of the first part, he reserving for himself a life-estate in said property;" the deed containing also the following clause: "It is understood and agreed that parties of the second part are, as a part of the consideration for this deed, to pay all taxes, assessments, or liens against this property, and failure to do so shall cause title to said property and the remainder interest therein to revert back to grantor instanter in fee simple forever, in its entirety." The defendants are in possession of this land and have received the proceeds therefrom of the yearly value of $108 since April 27, 1940. They refuse to deliver said land to petitioners or to pay them the profits thereof, although demand to *Page 636 
do so was made on them before the suit was filed. The defendants failed to comply with the condition in said deed, in that they failed to pay the school tax to the City of Waycross for the year 1941, amounting to $4.50; neither did they pay the general and school tax to the City of Waycross for the year 1942, amounting to $13.50, and as a result the said Carl Evans, one of the petitioners herein, paid said delinquent taxes to the City of Waycross on April 2, 1943. Before the payment of said taxes by said Evans, to wit, on March 29, 1943, he made a warranty deed to Lula Hunter, conveying the above-described property for the principal consideration, that she, the grantee, would take care of him "so long as he may live; that is to say, prepare his meals, wash his clothes, and look after him generally, and to pay all taxes on said property so long as the said [grantor] lives." On April 3, 1943, after Evans had paid the City of Waycross the sum of $18 in payment of the two items of taxes above described, the defendants tendered to him said sum of $18; said amount was tendered before suit was filed, and the tender was refused because the plaintiffs had already declared a forfeiture under the terms of the deed as set forth above. The failure to pay said taxes is a failure to comply with the condition subsequent in the aforesaid deed, said condition being a part of the consideration of said deed and gives petitioners the right to ask this court to declare a forfeiture of defendants' right in and to said property. The defendants are insolvent. The plaintiffs have no complete and adequate remedy at law. They are seeking equitable relief to prevent a multiplicity of suits. The deed from Evans to the defendants is a cloud upon petitioners' title.
While the demurrer was based on general and special grounds, no reference to the special grounds has been made by either party in this court.
The deed from the plaintiff Evans to the defendants, Bertha Brown and Mamie Brown, conveyed only a remainder interest in the property after the death of the grantor, he reserving in himself a life-estate. The deed contained also the following clause: "It is understood and agreed that parties of the second part are, as a part of the consideration for this deed, to pay all taxes, assessments, or liens against this property, and failure to *Page 637 
do so shall cause title to said property and the remainder interest therein to revert back to grantor instanter in fee simple forever, in its entirety." Counsel on both sides have treated this stipulation as creating a technical condition subsequent; and according to our view of the case we may properly adopt this construction. The language employed certainly would not admit of a classification more favorable to the grantees; and even in this view we think a cause of action was stated. See, in this connection, Atlanta Consolidated Street Railway Co. v.Jackson, 108 Ga. 634 (34 S.E. 184).
The plaintiffs contend that there was a breach by the defendant grantees of the foregoing condition as to payment of taxes; and this requires a determination as to what taxes the grantees were to pay and when they were to pay them. Ordinarily, as between a life-tenant and a remainderman, the former, as the person enjoying the property, should be chargeable with the taxes (Code, § 92-110); but the deed here having reserved a life-estate in the grantor, and having conveyed the entire remainder to the grantees, and having further expressly stipulated that the grantees should "pay all taxes," it was evidently intended to reverse the ordinary rule of liability as between the parties and to require the grantees, to pay all taxes of every kind that might be assessed against this property during the life of the grantor; and the petition as a whole shows that certain city taxes did accrue against it in 1941 and 1942. The deed did not say in terms that the taxes should be thus paid by the grantees so long as the grantor lived, but clearly such is its true meaning.
Nor did the deed contain any express statement as to when the taxes were to be paid; but the time for payment was fixed by law, and the parties must have intended payment according to such requirement. Manifestly, they did not intend that the grantees would be at liberty to become tax defaulters. Compare Heist v.Dunlap, 193 Ga. 462 (18 S.E.2d 837). Under the charter of the City of Waycross, the taxes for 1941 and 1942 that were not paid by the grantees became due and payable in instalments on the 15th days of April, July, and October, in the years in which they were levied, with interest at the rate of seven per cent. per annum on each instalment from the date it became payable; and it was the duty of the city clerk to issue executions on the first day of *Page 638 
November in each year. Ga. L. 1909, pp. 1456, 1485, § 35. The two items in question were thus in default from November 1 in 1941 and 1942 respectively, and at the time they were paid by the grantor in April, 1943.
Where no time is fixed for the performance of a condition subsequent, it is generally to be performed within a reasonable time; but where a particular time is given, the condition must ordinarily be performed within that time. Bearden MercantileCo. v. Madison Oil Co., 128 Ga. 695 (3) (58 S.E. 200); 19 Am. Jur. 545, § 81. It is provided in the Code, that while time is not generally of the essence of a contract, it may, by express stipulation or reasonable construction, become so. § 20-704(9). In this case the deed by implication definitely fixed as the times for performance the dates prescribed by law for ultimate payment of the taxes, the date as to city taxes being November 1, and provided also that failure to comply with the condition would cause the title and the remainder interest "to revert back to the grantor instanter." The only reasonable construction is that time should be treated as of the essence of the contract; and in this view the allegations of the petition clearly showed a breach.Watkins v. Hendricks, 137 Ga. 330 (73 S.E. 581).
Since we have thus concluded that the petition sufficiently alleged a breach, some other questions require consideration. The allegations to the effect that the grantees tendered to the grantor the amount of taxes that he had paid on account of their default, and that they made such tender before suit was filed, do not show that the breach was cured. In the absence of waiver or estoppel on the other side, the grantees could not by this act avoid the consequences of their default; and the refusal of the grantor to accept the tender was only a refusal to waive the breach, in so far as he was concerned. Moss v. Chappell,126 Ga. 196 (7) (54 S.E. 968); City of Barnesville v.Stafford, 161 Ga. 588 (4) (131 S.E. 487); Cottle v.Tomlinson, 192 Ga. 704 (3) (16 S.E.2d 555); Delray Inc.
v. Piedmont Investment Co., 194 Ga. 319 (4) (21 S.E.2d 420);Cunningham v. Moore, 60 Ga. App. 850
(5 S.E.2d 71).
Since it appears from the petition that before the tender was made, Evans had conveyed his entire interest in this land to Lula Hunter, his coplaintiff, it might be that no tender to or waiver by *Page 639 
him could in any manner affect the rights of such grantee; but we need not pass upon this question; nor is it necessary to determine whether if the defendants had paid the taxes to thecity even after they were in arrears, but before they were paid by Evans and before other action taken, a breach could have been claimed. Regardless of these questions, the petition clearly showed a breach, and did not show waiver or estoppel as against either plaintiff, unless the execution of the second deed itself amounted to some such impediment; and the effect of this conveyance will now be considered.
The deed by Evans to Lula Hunter, purporting to convey the entire estate in this land, appears to have been made after the breach by the defendants; and while such a conveyance would have been ineffectual at common law, and might even have destroyed the rights of the grantor, yet in this State any chose in action involving a property right may be assigned, and so the deed to Lula Hunter, as made after such breach, vested in her all the rights of her grantor as to this property, including the right of suit. Code, §§ 85-1803, 85-1805; Tucker v. McArthur,103 Ga. 409 (30 S.E. 283); Irby v. Smith, 147 Ga. 329
(93 S.E. 877); Sullivan v. Curling, 149 Ga. 96 (99 S.E. 533, 5 A.L.R. 124); Kennedy v. Kennedy, 183 Ga. 432
(188 S.E. 722, 109 A.L.R. 1143, note); Delray Inc. v. Reddick,194 Ga. 676 (22 S.E.2d 599, 143 A.L.R. 519, note). See 26 C. J. S. 484, § 147; 19 Am. Jur. 546, § 83; 33 Am. Jur. 688-694, §§ 208-210; Dolby v. Dillman, 283 Mich. 609 (278 N.W. 694, 117 A.L.R. 538, note); Pure Oil Co. v. Miller-McFarland Drilling Co., 376 Ill. 486 (34 N.E. 854, 135 A.L.R. 567, note). The effect of a conveyance before breach is not now for determination.
The following decisions, cited for the defendants, when considered with their facts, cannot be construed as holding anything contrary to what has just been said as to the right of assignment. Roberts v. Prior, 20 Ga. 561, 563; Edmondson
v. Leach, 56 Ga. 461; Peacock Hunt Naval Stores Co. v.Brooks Lumber Co., 96 Ga. 542 (23 S.E. 835). In fact the decision last cited seems to have recognized this right. See especially the language on page 545.
An estate may be granted upon a condition, either express or implied, upon performance or breach of which the estate shall either *Page 640 
commence, be enlarged, or be defeated. Code, § 85-901. Conditions subsequent in deeds, although not favored, will be enforced by the court when they are clearly created and are not inconsistent with the other terms of the conveyance, and are not rendered impossible by the act of God or by the subsequent conduct of the grantor. Code, §§ 37-216, 85-902; Turner v. Turner, 186 Ga. 223
(197 S.E. 771); Rustin v. Butler, 195 Ga. 389
(24 S.E.2d 318). Upon breach of a condition subsequent working a forfeiture, the person to whom the estate is limited may enter immediately. Code, § 85-906. It was the rule at common law, and has been so laid down several times by this court, that the breach of a condition subsequent in a deed does not ipso facto defeat the grantee's estate, or revest title in the grantor; but that until reentry or a suit for recovery of the land by the grantor, the possession of the grantee continues to be lawful.Roberts v. Prior, supra; Edmondson v. Leach, supra;Peacock Hunt Naval Stores Co. v. Brooks Lumber Co., supra;Moss v. Chappell, supra; Wadley Lumber Co., v. Lott,130 Ga. 135 (60 S.E. 836). While this rule does not prevail in some jurisdictions, especially where the commonlaw doctrine of livery of seisin has been abolished, yet, as shown by these decisions, it is still recognized in this State in cases where there is an immediate right of possession, even though we have no livery of seisin in Georgia. Royal v. Lisle, 15 Ga. 545 (60 Am. D. 712); Stamper v. Griffin, 20 Ga. 312 (3) (65 Am. D. 628); Beard v. White, 120 Ga. 1018 (5), 1021 (48 S.E. 400). See Code, § 85-906; 19 Am. Jur. 549-551, § 88.
The plaintiffs, however, or rather Lula Hunter, as transferee owner of the chose in action, could not exercise the right of re-entry as to the estate claimed under the alleged forfeiture; nor could she sue at law for its recovery, since it was only an estate in remainder, with no right of possession until after the grantor's death, and since in order to recover land in an action at law the plaintiff must have the right of possession. Glore
v. Scroggins, 124 Ga. 922 (3) (53 S.E. 690); Graham v.Peacock, 131 Ga. 785 (2) (63 S.E. 348); Taylor v. Meeks,133 Ga. 385, 386 (65 S.E. 850); Capps v. Smith, 175 Ga. 795
(2) (166 S.E. 234). It follows that, notwithstanding the condition broken, there was no remedy at law, and equitable jurisdiction could be invoked. Code, § 3-105; Trustees of HearneManual Labor School v. Robbins, *Page 641 19 Ga. 134; City of Barnesville v. Stafford, supra; Johnson
v. Tullis, 152 Ga. 232 (109 S.E. 659); Lanier v. Elder,154 Ga. 707 (115 S.E. 81); Hale v. Turner, 183 Ga. 593
(189 S.E. 10); 19 Am. Jur. 551, § 89; 33 Am. Jur. 695, § 212.
In view of the other facts, it makes no difference whether the plaintiffs or the defendants were in physical possession of the land, since no one was or could be in actual possession of the remainder interest. Therefore it is immaterial that the allegations of the petition may have been contradictory or equivocal as to present possession.
Nor was previous notice or demand a condition precedent to suit. Code, §§ 3-106, 85-904, 85-906; Georgia Railroad BankingCo. v. Macon, 86 Ga. 585 (3) (13 S.E. 21).
The case differs from those involving accelerating clauses as to maturity of debts, where the clauses are not automatic, but merely give options as to acceleration; but even under such a clause, a suit to recover the entire debt, predicated on such option, may without more constitute a sufficient election. Compare Lee v. O'Quinn, 184 Ga. 44 (190 S.E. 564); DelrayInc. v. Piedmont Investment Co., supra; Gilford v. Green,33 Ga. App. 1 (125 S.E. 80); Pape v. Woolford Realty Co.,35 Ga. App. 282 (2) (134 S.E. 174); McRae v. Federal LandBank of Columbia, 36 Ga. App. 51 (2) (135 S.E. 112).
While a condition subsequent was involved in South Carolina Georgia Railroad Co. v. Augusta Southern Railroad Co.,111 Ga. 420 (36 S.E. 593), the agreement there by its terms required thirty days written notice before a breach could be declared.
Nor is the present case within that class of cases in which, if the breach is not wilful, equity may relieve against a forfeiture or penalty, where the stipulation was intended merely as security for the payment of money and compensation can be made. Duncan v. Campbell, 154 Ga. 824 (2), 828 (115 S.E. 651).
The suit here was in equity, and, as we have seen, there was no remedy at law. The allegations were sufficient to state a cause of action in Lula Hunter for a decree of title in her, and for cancellation; and this being true, even if they may not have shown any right of action at all in Kers Evans, her grantor and coplaintiff, the petition was not subject to a mere general demurrer attacking it as a whole as to both plaintiffs. May v.Jones, 88 Ga. 308 (4) *Page 642 
(14 S.E. 552, 15 L.R.A. 637, 30 Am. St. R. 154); Howard v.Edwards, 89 Ga. 367 (2) (15 S.E. 480); Carson v. Fears,91 Ga. 482 (3) (17 S.E. 342); Pardue Medicine Co. Inc. v.Pardue, 194 Ga. 516 (4 a) (22 S.E.2d 143).
The court erred in sustaining the general demurrer and dismissing the action.
Judgment reversed. All the Justices concur.